## Commonwealth *v*. Jamison, Appellant.

Argued April 10, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Barney Phillips,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

This appeal is from the judgment of sentence resulting from appellant's conviction in a trial before Honorable FREDERIC G. WEIR, Judge, without a jury, on an indictment charging armed robbery.

The only question before us is the sufficiency of the evidence offered to identify appellant as the person who had committed the offense. Appellant-defendant denied the charge and testified that he had been living in Detroit, Michigan, at the time the offense was committed. He offered other evidence to establish his alibi. In addition he called one Arnold Brown who had been convicted and had completed his sentence for being the "lookout" in connection with the same robbery. Brown said appellant was not the other party to the crime.

The Commonwealth, on the other hand, offered positive testimony to identify appellant. Spitzer, the victim who had been directly confronted by his assailant, as well as three other persons, Coleman, Giles and Jennings, each of whom was in a position to clearly see him, all identified appellant without question or qualification. Although appellant was not apprehended until shortly before his trial, which was long after the crime had been committed, Coleman and Giles had identified him from pictures, shortly after the date of the offense.

Appellant's argument is based on the statement of law that "no class of testimony is more uncertain and less to be relied upon than that as to identity and, where grave doubt is cast on it by witnesses themselves it should be submitted to the jury with great caution,

etc." However this statement has been disapproved as being too broad. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A. 2d 820.

The correct statement set forth in that case is (p. 424) : "Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution. . . .

"On the other hand, where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to indentify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution."

The appellant relies on such things as the manner in which pictures of suspects were submitted to the victim for the purpose of making identification (same being submitted from the possession of a police officer, rather than from the permanent file of police headquarters), the absence of a scar from a wound sustained by the assailant at the time of the robbery and the blood obscuring the face of the assailant as a result thereof, and finally the excitement of the. occasion as the assailant fled from the scene, as elements creating serious doubts on the testimony of identification. However, it must be remembered that although the witnesses were cross-examined with reference to these matters, they, nevertheless, persisted in their positive identification of the appellant. At no time did any one of the witnesses falter, qualify or indicate uncertainty in his identification.

We are of the opinion that the trial judge was fully justified in accepting testimony offered by the Com-

monwealth; and that he otherwise conducted a full, fair, and impartial trial of the appellant.

Judgment of sentence affirmed.