COMMONWEALTH of Pennsylvania

v.

Louis CLEVELAND, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 14, 1997.

Filed Dec. 9, 1997.

Lee Mandell, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for appellee.

Before CIRILLO, President Judge Emeritus, and SAYLOR and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

This is an appeal from the judgment of sentence entered against appellant, Louis Cleveland, by the Court of Common Pleas of Philadelphia on September 19, 1996. We affirm.

On June 18, 1996, appellant was convicted of criminal conspiracy, carrying firearms on a public street, and three counts of aggravated assault. These charges were the result of a drive-by shooting which injured at least one person and nearly injured several others.

Appellant was the driver of the car from which the shots were fired. As a result of his conviction, appellant was sentenced to 25–to–50 years' incarceration. This sentence is within the standard range of the applicable sentencing guidelines.

Appellant raises the following questions for our review:

A. DID THE COMBINED SENTENCE OF 25 TO 50 YEARS IMPOSED UPON THE APPELLANT AMOUNT TO AN ABUSE OF DISCRETION WHERE IT WAS MANIFESTLY EXCESSIVE UNDER THE CIRCUMSTANCES, AND FAILED TO TAKE INTO ACCOUNT EITHER THE APPELLANT'S AGE OR HIS REHABILITATIVE NEEDS AND RESULTED FROM AN OVEREMPHASIS ON APPELLANT'S TRIVIAL PRIOR CRIMINAL RECORD AND THE SERIOUSNESS OF THE INSTANT OFFENSE?

B. WHERE THE TRIAL COURT IMPOSED A TOTAL SENTENCE OF ONLY TEN TO TWENTY YEARS ON APPELLANT'S CO–DEFENDANT, LANCE MEARS, DID THE TRIAL COURT, BY FAILING TO ARTICULATE WHY IT IMPOSED A SENTENCE TWO AND ON–HALF TIMES GREATER ON APPELLANT, COMMIT A VIOLATION OF LAW?

C. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT FAILED TO GIVE A REQUESTED KLOIBER CHARGE WHERE THE COMPLAINANT, LAKEYA FISON [SIC], TOLD POLICE THAT SHE DID NOT GET A GOOD LOOK AT THE DRIVER OF THE VEHICLE FROM WHICH SHOTS FIRED AT HER EMANATED AND WHO THE COMMONWEALTH ALLEGED WAS THE APPELLANT?

Appellant's first claim concerns the discretionary aspects of his sentence. Imposition of sentence is committed to the sound discretion of the trial court. *See Common-*

*wealth v. Fries*, 362 Pa.Super. 163, 167, 523 A.2d 1134, 1135 (1987). Appeals of discretionary aspects of a sentence are not guaranteed of right. *Commonwealth v. Moore*, 420 Pa.Super. 484, 490, 617 A.2d 8, 11 (1992). Appellant must satisfy two criteria before this Court will review the discretionary aspects of his sentence: (1) pursuant to Pa. R.A.P. Rule 2119(f) he must set forth in his brief a concise statement of reasons relied upon for allowance of appeal; and (2) he must articulate a substantial question as to the propriety of his sentence. *Moore, supra*, at 490, 617 A.2d at 11. A substantial question is presented where appellant advances a colorable claim that the trial court's sentence is inconsistent with the Sentencing Code or fundamentally contradicts the norms which underlie the sentencing process. *Id.* at 490–91, 617 A.2d at 11–12.

Although appellant has set forth the requisite statement under Rule 2119(f), we find that he has not presented a colorable argument that a substantial question exists. Appellant asserts that the sentencing court failed to consider his youth and rehabilitative needs. He further contends that the sentencing court did not "consider in a meaningful way" appellant's background and history, but rather placed "undue influence on the appellant's criminal record." Essentially, appellant's argument only concerns the weight that the sentencing court gave to legitimate sentencing factors. This alone does not raise a substantial question. *See Commonwealth v. Smith*, 394 Pa.Super. 164, 575 A.2d 150 (1990) (citation omitted).

■ In contrast, appellant's second claim raises a substantial question by alleging an unexplained disparity between his sentence and that of a co-defendant. *See Commonwealth v. Canfield*, 432 Pa.Super. 496, 501, 639 A.2d 46, 49 (1994) (substantial question presented because "a disparity between sentences imposed upon co-defendants does touch upon the fundamental norms which underlie the sentencing process"). Despite the existence of a colorable claim, however, we find appellant's argument without merit.

■ Appellant argues that the sentencing court must provide reasons that specifi-

cally address why his sentence was two and a half times greater than that of one of his co-defendants. This is not required. It is true that the cases cited by appellant require the sentencing court to articulate reasons, on the record, which justify the imposition of disparate sentences. *See Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (1987); *Commonwealth v. Sinwell*, 311 Pa.Super. 419, 457 A.2d 957 (1983); *Commonwealth v. Parry*, 306 Pa.Super. 390, 452 A.2d 781 (1982). This is not to say, however, that the court must specifically refer to the sentence of a co-defendant. Rather, it requires that when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences.

In the current case, the sentencing court provided ample reasons for appellant's sentence. These were, *inter alia*, appellant's unresponsiveness to previous attempts at rehabilitation, appellant's lack of remorse, and appellant's drug and alcohol use. Hence, the trial court clearly articulated individualized reasons for the sentence imposed on appellant. We find that these particularized findings sufficiently explain the disparity between appellant's sentence and the sentences of his respective co-defendants.

■ Appellant finally claims that a new trial is warranted because the trial judge failed to give a *Kloiber* cautionary charge to the jury. In *Commonwealth v. Kloiber*, our Supreme Court stated,

[w]here the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution.

378 Pa. 412, 424, 106 A.2d 820, 826–27 (1954).

Appellant argues that the Commonwealth's eyewitness, Ms. Faison, made qualifying statements regarding her identification of appellant that required a *Kloiber* cautionary

charge. We disagree. Specifically, Ms. Faison stated that, "I did not get a good look at the third black male," and that the three individuals were wearing knit sweatbands on their faces. These statements never qualified Ms. Faison's identification of appellant, but rather explained what she saw at the time of the incident. Indeed, Ms. Faison positively identified appellant shortly after the shooting, and never once wavered from this identification, even after thorough cross-examination. Under these circumstances, a *Kloiber* charge is unnecessary. *See Commonwealth v. Yarris,* 519 Pa. 571, 602–04, 549 A.2d 513, 529 (1988).

■ Appellant also suggests that a *Kloiber* charge was justified because Ms. Faison did not have adequate opportunity to observe him. Appellant, however, fails to distinguish opportunity to observe from quality of observation. To illustrate the difference, we compare two earlier cases, *Commonwealth v. Simmons,* 436 Pa.Super. 203, 647 A.2d 568 (1994), and *Commonwealth v. Jamison,* 195 Pa.Super. 304, 171 A.2d 541 (1961). In *Simmons,* this Court found a *Kloiber* charge was in fact justified. The record revealed that from where the witness claimed to be during the crime, he was either unable to view the defendant, or had his view obstructed by a railing or pole. *Id.* Regardless of how certain the *Simmons'* witness was about his identification, his opportunity to observe was so limited that as a matter of law his identification was suspect. *See id.*

In *Jamison,* appellant attempted to cast doubt on the identification testimony of several witnesses. Specifically, appellant argued that the assailant's face was obscured by blood and that there was excitement as the assailant fled the scene. *Jamison, supra,* at 305–07, 171 A.2d at 542. The *Jamison* Court, however, found a *Kloiber* charge unwarranted because the witnesses could clearly see appellant and they did not waver when cross-examined on these points. *See id.* Thus, because the witnesses had ample opportunity to observe, and the facts appellant urged affected only the quality of observation, the *Jamison* Court found that cross-examination was sufficient to address the reliability of the identification.

Considered together, these cases suggest a distinction between opportunity to observe and quality of observation. In short, the cases indicate that once the opportunity to observe is established it becomes defense counsel's cross-examination, not the court's *Kloiber* charge, which must highlight any problems with the quality of a witness's observation.

Instantly, the witness had two opportunities to see appellant drive past: once before the shooting and once as the shooting occurred. The street was well lit and the witness's opportunity to view appellant was sufficient for her to identify him immediately after the crime. Under these circumstances, we cannot say that the witness's opportunity to view appellant was so inadequate as to warrant a *Kloiber* cautionary charge. Any questions regarding the quality of her observation should have been addressed on cross-examination.

Judgment of sentence affirmed.