J-S22040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVON O. SHEALEY, | : | |
| | : | |
| Appellant | : | No. 1896 WDA 2014 |

Appeal from the Judgment of Sentence Entered October 30, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0015377-2008

BEFORE:   PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED JUNE 03, 2015**

Devon O. Shealey (Appellant) appeals from the October 30, 2014 aggregate judgment of sentence of 30 to 60 years' imprisonment imposed following numerous convictions including intimidation of a witness, four counts of robbery, and two counts of conspiracy (robbery and witness intimidation).  We affirm.

A prior panel of this Court recounted the history of the case as follows.

> The cases involved four robberies at gunpoint, which occurred in the Strip District area of the City of Pittsburgh in the late evening hours on May 26, 2008.  At trial the Commonwealth presented evidence through all four victims, various police and investigative witnesses.  On the night in question Officer Kelly Joyce, of the Pittsburgh Police Department, while on patrol observed a black SUV Ford Explorer going at a high rate of speed down an alleyway with a blue vehicle chasing it.  The driver of the blue vehicle (later identified as Marcus Neal) shouted to Officer Joyce that he had just been robbed.  Officer Joyce attempted to make a traffic stop, when the SUV took off at a

*Retired Senior Judge assigned to the Superior Court.

very high rate of speed and in the pursuit struck 11 parked vehicles, eventually causing the [SUV] to stop. At that time the occupants of the vehicle fled. The collisions caused the oil pan from the vehicle to explode inward covering much of the interior with black motor oil. Officer Joyce observed the passenger exit the vehicle, and initially was chasing him on foot while she had put out a description for the other officers who were responding. Three additional victims had come to the scene stating that they had been robbed at gunpoint by two individuals who both had weapons and were traveling in a dark SUV. All of the victims were robbed at gunpoint of money, jewelry, and cell phones. Various items which had been taken from the victims were identified at the scene of the crashed vehicle. The co-defendant, passenger [Germaine Edge], was apprehended and identified that evening by each of the four robbery victims, as being the passenger of the vehicle who had robbed them. [When he was apprehended, Edge was covered in motor oil.] [Appellant], driver of the vehicle, was identified a day or so later by each of the four victims through photo arrays which were introduced at trial. Additional evidence linking [Appellant] to the robberies was the license plate on the vehicle, which through previous tow slips of the police department came up with [Appellant's] name as the plate was registered to his girlfriend's mother.

With regard to the attempted witness intimidation charges, the Commonwealth introduced various audio tapes from the Allegheny County Jail for the jury's consideration of these charges. A captain of the Allegheny County Jail, as well as a homicide detective for the Pittsburgh police department, identified Devon Shealey as the person on the tapes.

*Commonwealth v. Shealey*, 93 A.3d 517 (Pa. Super. 2013) (unpublished memorandum at 1-2) (quoting Trial Court Opinion, 6/15/2010, at 2-3), *appeal denied*, 91 A.3d 1239 (Pa. 2014).

According to the written sentencing order of the Honorable Robert C. Reed, Appellant was given an aggregate term of imprisonment of 34 to 68 years, while his co-defendant Edge, who was convicted of fewer crimes and

had a lower prior record score, was sentenced to 22 to 44 years. This Court affirmed that judgment of sentence on direct appeal. ***Commonwealth v. Shealey***, 31 A.3d 734 (Pa. Super. 2011) (unpublished memorandum) (rejecting challenge to the validity of Appellant's waiver of right to have a judge and court reporter present during *voir dire*; no sentencing issue was raised).

Appellant timely filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking a new trial based upon after-discovered evidence. On appeal from the denial of the petition, this Court determined that, although the PCRA court did not err in denying Appellant a new trial on the new evidence proffered, Appellant was entitled to PCRA relief:

> First, both the PCRA court and the Commonwealth agree that [Appellant] was entitled to credit for his pretrial incarceration from November 7, 2008, until January 12, 2010, because this period of incarceration was not applied to any other sentence of incarceration imposed on [Appellant]. … The PCRA court specifically stated in its opinion that it had intended to grant relief on this claim in its final order, but neglected to do so.
>
> With regard to [Appellant's] contention that the written sentencing order contains two patent errors, … both the PCRA court and the Commonwealth agree that [Appellant's] written sentencing order contains two patent mistakes. First, the order indicates that [Appellant] received sentences of four to eight years imprisonment on one count of persons not to possess firearms, a charge that was dismissed, and one count of criminal conspiracy. Second, the written order indicates that all the sentences are to run consecutively. However, a review of the sentencing transcript reveals the trial court's clear and obvious

intention to impose four consecutive six and one-half to 13 year sentences on the robbery charges, and two four to eight year sentences on the charges of firearms not to be carried without a license, that were to run concurrent to one another but consecutive to the robbery charges. Accordingly, we agree that the written order contains a patent, correctible error.

Therefore, because we agree (1) [Appellant] was entitled to receive credit for time served, and (2) the written sentencing order was inconsistent with the unambiguous sentence imposed by the trial court at the sentencing hearing, we reverse the PCRA order in part, and remand for re-sentencing consistent with this memorandum.[8]

_____
[8] We note that the PCRA court also concluded that the sentences of four to eight years' imprisonment on the charges of firearms not to be carried without a license were illegal. A violation of [that statute] is a third degree felony. The statutory maximum sentence for a third degree felony is seven years' imprisonment. Therefore, the PCRA court also indicated its intention to correct the sentence imposed on the firearms charges to two terms of three and one-half to seven years' imprisonment.

*Shealey*, 93 A.3d 517 (unpublished memorandum at 6-9) (internal quotation marks and citations omitted).

On remand, the Honorable Anthony M. Mariani re-sentenced Appellant to an aggregate term of 30 to 60 years' imprisonment, a sentence which is both consistent with Judge Reed's oral recitation of the sentence he intended to impose on Appellant and with this Court's memorandum.

Both at the resentencing hearing and in a timely-filed post-sentence motion, Appellant challenged this sentence as being substantially disparate from the 22 to 44 years of incarceration which his co-defendant received.

Post-Sentence Motion, 11/4/2014, at 2 (pages unnumbered). Judge Mariani denied Appellant's motion by order filed on November 13, 2014, and Appellant timely filed a notice of appeal.

Appellant states the following issue for this Court's consideration:

Whether the Court of Common Pleas abused its discretion in imposing an aggregate sentence of 30 to 60 years [of] incarceration which, under the circumstances of the case[,] is unreasonable when [Appellant's] co-defendant's aggregate sentence was 22 to 44 years [of] incarceration and the Court of Common Pleas failed to explain this substantial disparity between sentences?

Appellant's Brief at 4.

Appellant's question challenges the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Here, the appeal is timely filed; Appellant's brief contains the requisite concise statement; and the claim that the sentencing court failed to explain the difference between the co-defendants' sentences raises a substantial question. **See**, **e.g.**, **Commonwealth v. Cleveland**, 703 A.2d 1046, 1048 (Pa. Super. 1997). ("[A]ppellant's … claim raises a substantial question by alleging an unexplained disparity between his sentence and that of a co-defendant."). However, it is unclear whether Appellant preserved the issue.

Appellant raised his complaint both at the resentencing hearing and in a timely-filed post-sentence motion. However, Appellant makes no argument that the resentencing court was guilty of an abuse of discretion. The resentencing court held no hearing and exercised no discretion at all; it merely signed an order imposing the sentence this Court directed it to impose. Appellant presents us with no indication that the resentencing court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Antidormi**, 84 A.3d 736, 760-61 (Pa. Super. 2014) (quoting **Commonwealth v. Robinson**, 931 A.2d 15, 26 (Pa. Super. 2007)). Accordingly, Appellant has failed to convince us that any challenge to the resentencing court's sentence constituted an abuse of discretion.

Appellant's real argument is that the original sentencing court abused its discretion when it sentenced him and Edge back in 2010. However,

Appellant never raised his discretionary-aspects issue before Judge Reed; nor did he pursue a claim in his PCRA petition that counsel was ineffective in failing to do so. Appellant asserts, with no citation to authority, that his discretionary aspects claim "can be raised after re-sentencing when the entire sentence is vacated." Appellant's Brief at 22.

It is not at all clear to this Court that Appellant's assertion is valid. However, assuming *arguendo* that he is correct, he is not entitled to relief. Appellant acknowledges that his prior record score was 5, while Edge's was 2. *Id.* at 23. As a result, when the original sentencing court treated Appellant and Edge the same by giving each consecutive, standard-range sentences for the robbery counts, Appellant ended up with a longer sentence. Furthermore, as Appellant acknowledges in his brief, he was convicted of additional crimes (intimidating a witness and conspiracy to intimidate a witness) of which Edge not charged, let alone convicted. Appellant's Brief at 17.

There is a clear and reasonable explanation for the disparity between the sentences of Appellant and Edge. Accordingly, Appellant has not convinced us that the original sentencing court abused its discretion in giving Appellant a longer sentence than his co-defendant received.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>6/3/2015</u>