J-S68018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MASSAI DICKEY, :
:
Appellant : No. 226 WDA 2018

Appeal from the Judgment of Sentence November 16, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001254-2016

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 22, 2019**

Appellant, Massai Dickey, appeals from the November 16, 2017

Judgment of Sentence entered in the Cambria County Court of Common Pleas

after a jury convicted him of multiple counts of Possession with Intent to

Deliver a Controlled Substance ("PWID") and related offenses. He challenges

the weight and sufficiency of the evidence, as well as the discretionary aspects

and legality of his sentence. After careful review, we affirm.

From June 2015 until March 2016, the Narcotics Division of the Attorney

General's Office ("OAG") and the Cambria County Drug Task Force

investigated a drug trafficking ring operating in the Johnstown and Pittsburgh

area. The task force intercepted phone calls and conducted controlled and

undercover purchases of heroin. Several people, including Appellant, were

arrested. After his arrest, Appellant proceeded to a jury trial on September

18, 2017.

---

\* Former Justice specially assigned to the Superior Court.

Relevant to this appeal, OAG Narcotics Agent Thomas Moore, who was qualified as an expert in the field of narcotics investigation, which included expertise in the meaning of coded, cryptic, or guarded language used by drug dealers, testified that he had listened to over 7800 intercepted phone calls during the eight-month investigation. Through those calls, Agent Moore learned that Curtis Harper would arrange for individuals to transport heroin from Pittsburgh to Johnstown, where Appellant was one of the individuals responsible for selling the heroin. After the Commonwealth played numerous calls for the jury, Agent Moore testified that, in his opinion, the phone calls showed that Appellant purchased heroin from Mr. Harper on three occasions: one brick on February 13, 2016, three bricks on February 19, 2016, and two bricks on February 23, 2016. Additionally, during a February 2, 2016 intercepted phone call, Appellant indicated to Mr. Harper that he had people calling him looking for heroin. Agent Moore testified that, in his opinion, Appellant was distributing heroin.

On September 22, 2017, the jury found Appellant guilty of one count of Criminal Conspiracy, three counts of PWID, two counts of Corrupt Organization, and one count of Criminal Use of a Communication Facility.[1, 2]

---

[1] 18 Pa.C.S. § 903(a); 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 911(b)(3); and 18 Pa.C.S. § 7512(a), respectively.

[2] The jury found Appellant not guilty of Dealing in Proceeds of Unlawful Activity.

On November 16, 2017, after reviewing a Pre-Sentence Investigation ("PSI") Report, the trial court sentenced Appellant within the sentencing guidelines to an aggregate term of twelve and one-half to twenty-five years' incarceration.[3] Appellant filed timely Post-Sentence Motions, which the trial court denied on January 12, 2018.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. The trial court erred in dismissing [] Appellant's Motion for Modification of Sentence, [] Appellant respectfully submits that the sentence was excessive in light of the facts and evidence presented at trial regarding [] Appellant's alleged involvement (or lack thereof) in the Curtis Harper heroin ring.

2. The trial court erred in dismissing [] Appellant's Motion for Modification of Sentence under the Merger Doctrine. [] Appellant submits that due to the close proximity in time of the three alleged sales, that they should be counted as one continuous act for sentencing purposes.

3. The trial court erred in dismissing [] Appellant's Motion for New Trial and/or acquittal. [] Appellant respectfully submits that his conviction of the following was against the weight and sufficiency of the evidence: (Count 1) Criminal Conspiracy (F); (Count 2) Possession with Intent to Deliver Controlled Substance (F); (Count 3) Possession with Intent to Deliver Controlled Substance (F); (Count 4) Possession with Intent to Deliver Controlled Substance (F); (Count 6) Corrupt

---

[3] The trial court sentenced Appellant to six to twelve years' incarceration for Conspiracy; two to four years' incarceration to run consecutively for two counts of PWID; two to four years' incarceration to run concurrently for one count of PWID; two and a half to five years' incarceration to run consecutively for one count of Corrupt Organization; and no further punishment for one count of Corrupt Organization and Criminal Use of Communication Facility.

- 3 -

Organizations (F1); (Count 7) Corrupt Organizations (F1); and (Count 8) Criminal Use of a Communication Facility (F3).

4. The trial court erred in dismissing [] Appellant's Motion for New Trial; more specifically, [] Appellant submits that the court erred in permitting Agent Moore to testify and give his opinion at trial as a lay person that [] Appellant was one of the individuals on the wire-tap and/or that he was dealing in illegal drug transactions.

Appellant's Brief at 6-7 (some capitalization omitted).

**Discretionary Aspects of Sentencing**

In his first issue, Appellant challenges the discretionary aspects of his sentence. Appellant avers that the trial court abused its discretion by imposing an excessive sentence in light of the evidence presented at trial. Appellant's Brief at 13. Specifically, Appellant argues that the trial court failed to consider that he was a "minor player" in the heroin operation and that his prior offenses occurred several years before the current convictions. *Id.* at 14. Moreover, Appellant argues that his co-defendants who entered negotiated guilty pleas received lesser sentences and Appellant's sentence "appears punitive by electing to go to trial." *Id.*

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise

statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Here, Appellant filed a timely Notice of Appeal, preserved the issue in his Post-Sentence Motion, and included a Rule 2119(f) Statement. We, thus, proceed to determine if Appellant has presented a substantial question.

It is well settled that "[t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003) (citation omitted). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13 (citation and quotation omitted).

If Appellant raises a substantial question, our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015).

Appellant first argues that the trial court failed to consider certain factors, including his "minor" role in the heroin operation and that his prior offenses occurred many years ago. This Court has consistently held that an allegation that a sentencing court "did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995); *see also Commonwealth v. Rhoades*, 8 A.3d 912, 918-19 (Pa. Super. 2010) (stating "an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review"). Moreover, where the sentencing court had the benefit of a PSI, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Further, where a sentence is within the standard range of the guidelines, as it is here, Pennsylvania law generally views the sentence as appropriate under the Sentencing Code. *See Cruz–Centeno, supra* at 546 (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). Accordingly, Appellant's claim that the trial court did not adequately consider certain factors in imposing a standard range sentence does not raise a substantial question for our review.

Appellant next argues that his co-defendants who entered negotiated guilty pleas received lesser sentences, signifying that the trial court improperly penalized Appellant for exercising his right to a trial. Appellant's Brief at 14. This issue presents a substantial question permitting our review. *See Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. 1997) (holding substantial question raised where the appellant averred an unexplained disparity between his sentence and that of his co-defendant). However, Appellant is not entitled to relief.

This Court has held that a co-defendant who has entered a negotiated guilty plea and a defendant who is sentenced after a jury trial "are not similarly situated for sentencing purposes." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). Thus, any disparity in sentencing between a co-defendant sentenced pursuant to a negotiated plea deal and a defendant sentenced after trial "does not demonstrate the trial court penalized the defendant for exercising his right to a jury trial." *Id.* Furthermore, a defendant is not entitled to the same sentence as that imposed on another person involved in the same crime. *Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010). Rather, "when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." *Id*. (citation omitted).

Here, the trial court stated extensive reasons for Appellant's sentence, including the facts of the case, the jury's verdict, the PSI, the sentencing code, and the guidelines. *See* N.T. Sentencing, 11/16/17, at 35. The trial court also took into consideration the gravity of the offense, the impact on the community, and the need to protect the public. *Id.* at 36. Finally, contrary to Appellant's assertion, the trial court stated on the record that Appellant's higher sentence was not punishment for going to trial; rather, it was a result of the co-defendants having "arranged pleas that were outside of the court's involvement." *Id.* at 27. The trial court sufficiently explained the reasons for Appellant's sentence, and in particular, the reasons justifying the disparity between Appellant's sentence and that of his co-defendants. Accordingly, Appellant's claim that the trial court imposed a punitive sentence, as manifested by his co-defendants' receiving lesser sentences as part of their plea deals, lacks merit.

**The Merger Doctrine**

In his second issue, Appellant avers that his three PWID convictions should have merged for sentencing purposes. Appellant's Brief at 16. Appellant erroneously poses this as a challenge to the discretionary aspects of his sentence when, in fact, it is a challenge to the legality of his sentence. *See Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009) (explaining that whether Appellant's convictions merge for sentencing is a question

implicating the legality of Appellant's sentence). Accordingly, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

Section 9765 of the Sentencing Code provides, in relevant part, that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Baldwin, supra*** at 833. Moreover, "[i]f the offenses stem from two different criminal acts, merger analysis is not required." ***Commonwealth v. Gatling***, 807 A.2d 890, 899 (Pa. 2002).

Here, of course, the statutory elements of the offenses in question are identical because a jury convicted Appellant of three counts of the same crime, PWID. However, after our review of the record, we agree with the trial court that the facts underlying each crime are different and constitute three separate criminal acts. As the trial court opined, "because Counts 2 through 4 occurred on different days, with different quantities, and involved different individuals, the acts did not arise out of the same transaction." Trial Court Opinion, filed 4/12/18, at 5. Thus, because the offenses stemmed from three distinct criminal acts, the merger doctrine does not apply. ***See Commonwealth v. Williams***, 958 A.2d 522, 527-28 (Pa. Super. 2008)

(holding that two counts of possession of cocaine in two different amounts in two separate locations constituted two different acts, thus not warranting merger for sentencing purposes).

**Sufficiency and Weight of the Evidence**

In his third issue, Appellant challenges both the sufficiency and weight of the evidence presented during trial. Appellant's Brief at 18. Both challenges fail.

First, Appellant avers that the evidence presented at trial was insufficient to sustain his convictions. Appellant's Brief at 18. Appellant argues that the Commonwealth failed to present any eyewitnesses to his alleged involvement in Mr. Harper's heroin operation and failed to present any physical evidence of money or drugs recovered from his possession. *Id.* at 20. Therefore, Appellant concludes, the Commonwealth did not sufficiently prove that Appellant took part in drug transactions warranting convictions for PWID and related offenses. *Id.* at 18-19. We find this issue to be waived.

Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that, in a statement of matters complained of on appeal, an appellant "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge[,]" and issues that are not properly raised are deemed waived. Pa.R.A.P. 1925(b)(4). This Court has repeatedly stated, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement

must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). Such specificity is of particular importance in cases where an appellant is convicted of multiple crimes and each crime contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. ***Id.***

A jury convicted Appellant of four separate crimes, each of which contained numerous elements. In his Rule 1925(b) Statement, Appellant presented his challenge to the sufficiency of the evidence as follows:

> The trial court erred in dismissing [] Appellant's Motion for New Trial and/or acquittal. [] Appellant respectfully submits that his conviction of the following was against the weight and sufficiency of the evidence: (Count 1) Criminal Conspiracy (F); (Count 2) Possession with Intent to Deliver Controlled Substance (F); (Count 3) Possession with Intent to Deliver Controlled Substance (F); (Count 4) Possession with Intent to Deliver Controlled Substance (F); (Count 6) Corrupt Organizations (F1); (Count 7) Corrupt Organizations (F1); and (Count 8) Criminal Use of a Communication Facility (F3).

Appellant's Rule 1925(b) Statement, filed 1/22/18, at ¶3.

Appellant failed to specify which elements of which crimes he is challenging for lack of sufficient evidence. The trial court declined to address the merits of Appellant's sufficiency challenge after concluding that Appellant failed to specify the allegedly unproven elements in his 1925(b) Statement. We agree and conclude that Appellant has waived this issue.

Appellant next challenges the weight of the evidence supporting his convictions and avers that the trial court erred in dismissing his Post-Sentence

- 11 -

Motion for a New Trial. Appellant's Brief at 18-19. Appellant is not entitled to relief.

A trial court will not grant relief on a weight of the evidence claim unless the verdict is so contrary to the evidence as to shock one's sense of justice. ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). An appellate court will not substitute its assessment of credibility for that of the finder of fact. ***Commonwealth v. Manley***, 985 A.2d 256, 262 (Pa. Super. 2009).

Further, this Court may not consider the underlying question of whether the verdict is against the weight of the evidence; instead, we are limited to evaluating only the trial court's exercise of discretion in denying that claim. ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" ***Id.*** (citations omitted, emphasis in original). The trial court's denial of a weight claim is the least assailable of its rulings. ***Commonwealth v. Diggs***, 949 A.2d 873, 879-80 (Pa. 2008). ***See Commonwealth v. Morgan***, 913 A.2d 906, 909 (Pa. Super. 2006) (stating that because the trial court is in best position to view the evidence presented, an appellate court will give that court "the utmost consideration" when reviewing its weight determination).

The Honorable Tamara R. Bernstein's 1925(a) Opinion as to Appellant's weight of the evidence claim is comprehensive, thorough, and well-reasoned.

Thus, after a careful review of the parties' arguments and the record, we conclude that the court did not abuse its discretion in denying Appellant's weight claim.

**Agent Moore's Testimony**

In his final issue, Appellant claims that the trial court erred in permitting Agent Moore to testify and give his "lay opinion" that Appellant was one of the individuals on the wire-tap and that Appellant was dealing in illegal drug transactions. Appellant's Brief at 24. Appellant acknowledges that Agent Moore was qualified as an expert in the field of narcotics investigation, including the meaning of coded, cryptic, or guarded language used by drug dealers, and Appellant concedes that he did not object to Agent Moore's testimony regarding "jargon" on the wiretaps. *Id.* at 24. Appellant, however, argues that he "adamantly objected to the use of Agent Moore giving his opinion as a layperson, that [] Appellant was one of the individuals on the [wiretap], and/or that he was dealing in an illegal drug transaction(s)." *Id.*

In response, the Commonwealth argues that Appellant failed to contemporaneously object to the evidence in question at the time it was introduced and failed to cite such objections. Commonwealth's Brief at 26-28. Therefore, the Commonwealth argues, Appellant has waived this issue. *Id.* We are constrained to agree.

It is well settled that "[w]hen an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this

issue and determining whether error exists, the allegation is waived for purposes of appeal." **See Commonwealth v. Harris**, 979 A.2d 387, 393 (Pa. Super. 2009) (citation omitted). In his argument section, Appellant fails to provide any citation to the certified record to clarify what testimony he is challenging and likewise fails to cite where, in fact, he preserved these challenges for appeal. **See** Pa.R.A.P. 2119(c) (requiring that if reference is made to the record, it must be accompanied by a citation to the record); Pa.R.A.P. 2119(d) (requiring citation to where the issue was raised or preserved in the lower court). Without citation to the record, this Court is unable to analyze whether the trial court erred in admitting specific testimony and whether Appellant preserved these challenges for appeal. Accordingly, we find this issue to be waived.

For the foregoing reasons, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2019

- 14 -