J-S12035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SIMMONS | : | |
| | : | |
| Appellant | : | No. 1684 EDA 2018 |

Appeal from the Judgment of Sentence May 4, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006974-2016

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                    **FILED APRIL 13, 2020**

Appellant, Robert Simmons, appeals from the aggregate judgment of sentence of six to fourteen years of confinement, which was imposed after his convictions at a bench trial for persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1]  We affirm.

Appellant was convicted of the aforementioned crimes on June 19, 2017; his sentencing was deferred to May 4, 2018.  That same day, Appellant filed a post-sentence motion for reconsideration of sentence, which the trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

court denied on May 14, 2018.  On May 29, 2018, Appellant filed this timely direct appeal.[2]

Appellant presents the following issue for our review:

Whether sentence was excessive and cruel and unusual punishment where it was double the standard range sentence and twice the amount recommended by the District Attorney?  In addition, whether there was nothing on record to justify such a gross deviation from the sentencing guidelines and the prosecution's recommendation?

Appellant's Brief at 5.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P.  720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018).  In the current case, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion, and his brief includes a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement").  Appellant's Brief at 6.  The final requirement, whether the question raised by

---

[2] Appellant filed his statement of errors complained of on appeal on July 19, 2018.  The trial court entered its opinion on September 21, 2018.

Appellant is a substantial question meriting our discretionary review, "must be evaluated on a case-by-case basis." ***Manivannan***, 186 A.3d at 489.

Appellant's entire argument in his Rule 2119(f) Statement is as follows:

In the instant matter, the trial court imposed a sentence of six to fourteen years and was close to the maximum sentence that the court could have imposed. [Appellant] was young, did not have a history of anti-social behavior and had already been sentence[d] to a substantial period of incarceration. As a result, the Appellant believes that he has raised a substantial sentencing issue.

Appellant's Brief at 6. However, Appellant fails to present – and our research has failed to uncover – any case law where contentions that an aggregate sentence is "close to the maximum sentence[,]" that the appellant had no history of anti-social behavior, and that the appellant was already serving another lengthy sentence raised substantial questions. ***Id.*** Additionally, this Court has repeatedly held that a claim that a trial court failed to consider an appellant's age when imposing a sentence does not raise a substantial question. ***Commonwealth v. Cannon***, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (claim that trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); ***Commonwealth v. Eline***, 940 A.2d 421, 435 (Pa. Super. 2007) (appellant's argument that "trial court failed to give adequate consideration to [his] poor health and advanced age" in fashioning his sentence did not raise a substantial question); ***Commonwealth v. Cleveland***, 703 A.2d 1046, 1048 (Pa. Super. 1997) (appellant's assertion that sentencing court failed to consider his youth did not present "a colorable argument that a substantial

question exist[ed]"). Consequently, none of Appellant's arguments in his Rule 2119(f) Statement raise a substantial question, and, ergo, he has not preserved his challenge to the discretionary aspects of sentencing. *See Manivannan*, 186 A.3d at 489. Therefore, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20