J-A04017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN FARRELL, | : | |
| | : | |
| Appellant | : | No. 590 EDA 2018 |

Appeal from the Judgment of Sentence January 4, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004372-2014
CP-51-CR-0004375-2014
CP-51-CR-0004378-2014

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*] and COLINS, J.[*]

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 22, 2020**

John Farrell (Appellant) appeals[1] from the judgment of sentence imposed following his convictions for aggravated assault, conspiracy, and possession of an instrument of crime (PIC).  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant should have filed a separate notice of appeal from each of the three separate trial court docket numbers.  **See** Pa.R.A.P. 341(a); **see also Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases").  However, our Supreme Court's mandate applies prospectively to appeals filed after the date of the **Walker** decision, *i.e.*, June 1, 2018. Because the instant appeal was filed on February 20, 2018, the **Walker** holding does not apply and we decline to quash the appeal on this basis.

The underlying charges stem from an incident on March 21, 2014, where Appellant and four co-defendants attacked a group of high school students, stabbing and seriously injuring three of them. We glean the following facts from the record. On March 21, 2014, at about 10 p.m., Appellant and co-defendants Hellena Andro, David Cramp, Ryan Palen, and Tyler Bollinger encountered the group of students, including Joseph Galasso, James Galasso, and Thomas Bayer (collectively, the Victims[2]). Appellant and the co-defendants initiated a physical fight with the Victims by throwing glass beer bottles at them. The Victims, who were unarmed, responded by engaging in a fistfight, punching Appellant and the co-defendants. In the end, the Victims were stabbed multiple times with knives and suffered critical injuries that required hospitalization. Joseph suffered three stab wounds, James suffered eight, and Thomas suffered five. Appellant and the co-defendants ran from the scene to the residence of Bollinger's father, where Bollinger hid two knives that were used in the assault. The knives were recovered pursuant to a search warrant executed the following day. Based on investigation, the police identified Appellant as one of the individuals suspected of stabbing the Victims.

Based on the foregoing, Appellant was charged with aggravated assault and related offenses at three separate lower court docket numbers

---

[2] We will refer to individual victims by their first names as two of the Victims share the same last name.

for each victim, and was listed for a consolidated jury trial with his co-defendants. Prior to trial, co-defendants Andro, Cramp, and Palen pleaded guilty. Thereafter, the Commonwealth agreed to sever the trials of Appellant and Bollinger. Appellant's trial, which was held first, resulted in a mistrial due to a hung jury. The Commonwealth then moved to consolidate Appellant's and Bollinger's cases for a joint jury trial, which the trial court granted. After several continuances, the consolidated jury trial was scheduled for October 10, 2017. Before trial started on that date, Bollinger entered into a negotiated guilty plea. Appellant proceeded to a jury trial from October 10 to 16, 2017.

At the conclusion of the jury trial Appellant was found guilty of three counts of aggravated assault, and one count each of conspiracy to commit aggravated assault and PIC. On January 4, 2018, the trial court sentenced Appellant to the following terms of incarceration: 5 to 15 years each for aggravated assault of Joseph and James, 6 to 18 years for aggravated assault of Thomas, 5 to 10 years for conspiracy, and 2½ to 5 years for PIC. The aggravated assault convictions are to run consecutive to each other, with the other sentences to run concurrent, resulting in an aggregate term of incarceration of 16 to 48 years. N.T., 1/4/2018, at 75-78. Appellant was also ordered to undergo anger management and parenting classes, comply with the recommendations of a dual diagnosis assessment, receive

vocational training, have no contact with the Victims or witnesses, pay restitution to Thomas, and pay court costs and fines. *Id.* at 74-75, 77.

On January 16, 2018, Appellant timely[3] filed a post-sentence motion for reconsideration of sentence, in which he challenged the discretionary aspects of his sentence. Aside from amending Appellant's sentence to provide Appellant credit for time served while on house arrest, the trial court denied Appellant's post-sentence motion on January 23, 2018.

This timely-filed appeal followed.[4] On appeal, Appellant challenges the discretionary aspects of his sentence of 16 to 48 years of incarceration. Appellant's Brief at 7. Appellant alleges there is an unexplained disparity between his sentence and that of his co-defendants, and claims the trial court failed to consider his rehabilitative needs and lack of criminal record.[5] *Id.* at 10-11. Thus, we consider his issue mindful of the following.

---

[3] *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[4] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

[5] Insofar as Appellant claims in his brief that the trial court failed to consider the sentencing guidelines, the nature of the offense, and evidence of mitigation concerning Appellant's character, Appellant waived these issues by failing to raise them in his Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b)(3)(iv) ("[A]ny issue not properly included in the [s]tatement timely filed and served pursuant to subdivision (b) shall be deemed waived."); *see*
*(Footnote Continued Next Page)*

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\* \* \*

When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

**Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074-75 (Pa. Super. 2019)

(quoting **Commonwealth v. Antidormi**, 84 A.3d 736, 760-61 (Pa. Super.

2014)).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*(Footnote Continued)* ───────────────

**also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

***DiClaudio***, 210 A.3d at 1075 (quoting ***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal, preserved the issue in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant asserted three instances in which the trial court abused its discretion: 1) penalizing Appellant for exercising his right to a trial as his co-defendants who entered negotiated guilty pleas received shorter sentences; 2) failing to consider his lack of

criminal record; and 3) failing to consider his rehabilitative needs.[6] Appellant's Brief at 10-11.

We conclude Appellant has raised a substantial question with each of his claims. ***Commonwealth v. Cleveland***, 703 A.2d 1046, 1048 (Pa. Super. 1997) (holding substantial question raised where Cleveland averred an unexplained disparity between his sentence and that of his co-defendant); ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question."). Accordingly, we review the merits of his claims.

Appellant argues the trial court abused its discretion because the disparity between his sentence and co-defendants' is "astonishing," and to justify the sentencing disparity "based solely on pleading guilty or proceeding to trial, would have the effect of punishing a defendant for exercising his right to a jury trial." Appellant's Brief at 13-14. Additionally, Appellant argues the trial court failed to consider his lack of criminal record and rehabilitative needs. ***Id.*** at 15. In support, he states he was a victim of abuse as a child, had been diagnosed with post-traumatic stress disorder, attention deficit hyperactivity disorder, mood swings, and oppositional defiance disorder. ***Id.***

_____

[6] As stated *supra*, Appellant included other issues that he waived by failing to raise them in his Pa.R.A.P. 1925(b) statement.

In addressing these claims, the trial court posited that Appellant failed to raise a substantial question. Rule 1925(a) Opinion, 2/14/2019, at 13, 17. Regardless, the trial court stated that even if Appellant did raise a substantial question, the trial court "thoroughly addressed the reasons for differences in the sentencing schemes" at sentencing between Appellant and his co-defendants. *Id.* at 12. The court noted before it imposed Appellant's sentence, it thoroughly reviewed the pre-sentence investigative (PSI) report and mental health assessments. *Id.* at 19. Moreover, the court stated it "clearly acknowledged Appellant's lack of prior criminal record" during discussions involving the computation of the offense gravity score of each offense coupled with the zero prior record score. *Id.* The court concluded that it considered all relevant sentencing factors, and Appellant's sentences accounted for his multiple victims. *Id.* at 21-22.

This Court has held that a co-defendant who has entered a negotiated guilty plea and a defendant who is sentenced after a jury trial "are not similarly situated for sentencing purposes." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). Thus, any disparity in sentencing between a co-defendant sentenced pursuant to a negotiated plea deal and a defendant sentenced after trial "does not demonstrate the trial court penalized the defendant for exercising his right to a jury trial." *Id.* Furthermore, a defendant is not entitled to the same sentence as that imposed on another person involved in the same crime. *Commonwealth v.*

***Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010). Rather, "when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." ***Id.*** (citation omitted).

At sentencing, the trial court offered extensive reasons for imposing Appellant's sentence, including, *inter alia*, the seriousness of the crime, impact on the victims, the need to protect the public, and Appellant's lack of remorse. N.T., 1/4/2018, at 67, 71, 73. Specifically, the trial court noted that Appellant displayed an "extreme level of violence[,]" he inflicted severe damage upon the Victims that will last throughout their lifetimes, he posed "a danger to the community at large," and he displayed "absolute lack of remorse." ***Id.*** Furthermore, contrary to Appellant's assertion, the trial court stated on the record that Appellant's longer sentence was not punishment for going to trial; rather, the disparity was a result of the foregoing, and his co-defendants having pleaded guilty and "accept[ing] responsibility for their actions." ***Id.*** at 28, 36, 73. Additionally, the trial court noted Appellant's co-defendants, except for Bollinger, were sentenced "before a different judge." ***Id.*** at 73.

Based on the foregoing, the trial court sufficiently explained the reasons for Appellant's sentences. Accordingly, we conclude the trial court did not abuse its discretion in imposing upon Appellant a higher aggregate sentence than what his co-defendants received as part of their guilty pleas.

In fashioning Appellant's sentence, the trial court noted that Appellant suffered abuse as a child, used drugs, and suffers from extreme mood swings. Therefore, the trial court ordered Appellant to undergo anger management and parenting classes, receive vocational training, and comply with the recommendations of a dual diagnosis assessment and any recommended treatment for mental health and drug use. In addition, the trial court possessed and reviewed Appellant's PSI report, and stated it reviewed the sentencing guidelines prior to imposing Appellant's sentence. *See Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (stating that where the sentencing court has the benefit of a PSI report, it is presumed to have considered all relevant information). Therefore, contrary to Appellant's claim, the record indicates that the trial court referred to Appellant's lack of criminal record and considered Appellant's rehabilitative needs when imposing Appellant's sentence. Accordingly, the trial court did not abuse its discretion in imposing Appellant's sentence.

Because Appellant has failed to demonstrate that he is entitled to relief on any of his claims, we affirm Appellant's judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/22/2020</u>