J-S18045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LONNIE TURNER | : | |
| | : | |
| Appellant | : | No. 2027 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 22, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002016-2019

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 6, 2021**

Appellant, Lonnie Turner, appeals from the judgment of sentence imposed following his conviction of burglary, robbery, conspiracy to commit robbery, theft by unlawful taking or disposition,[1] and related charges.  We affirm.

The trial court set forth the following factual background:

On the evening of March 5, 2018, [Appellant] and five (5) other accomplices entered the home of John Albanese, located [in] Lafayette Hill, Pennsylvania, Montgomery County.  [Appellant], along with the others, entered the home after initially gaining access through an unlocked window.  The victim, Mr. Albanese, was awoken in the night by [Appellant] and the others barging into his bedroom.  Each of the participants wore a black mask that they purchased earlier that evening at Party City.  One of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1)(i), 3701(a)(1)(ii), 903(a)(1), and 3921(a), respectively.

participants in the group aimed a knife at the victim during the incident. He was also placed in a chokehold and punched in the face during the course of the episode. Electronics, including an iPad, two phones, and a computer; a number of watches; a wallet; a passport; and a car were all taken from the victim's home by [Appellant] and his accomplices.

After leaving the victim's home, [Appellant] and his associates stopped at a Wells Fargo bank to take money from the victim's bank account using his [debit] card. They next travelled to the Walmart in Willow Grove, Montgomery County. Once they left the Walmart, the parties divvied up the items that they took from the victim's home and purchased from the Walmart with the victim's [debit] card.

Trial Court Opinion, 12/22/20, at 2 (citations omitted).

A non-jury trial was held on December 17, 2019. At trial, the victim, Mr. Albanese, testified regarding the incident, and Sergeant James Cotter of the Whitemarsh Township Police Department described the investigation and the collection of evidence related to the crimes. In addition, two of Appellant's accomplices, Kayla Johnson and Lateisha Williams, testified regarding their roles in the break-in and identified Appellant as being present during the entire criminal episode.

The trial court found Appellant guilty of the above-stated offenses.[2] On June 22, 2020, the trial court imposed an aggregate sentence of 4½ to 9 years

---

[2] The trial court also found Appellant guilty of one additional count of burglary, two additional counts of robbery, thirteen additional counts of conspiracy, as well as counts of simple assault, terroristic threats, unlawful restraint, possession of the instrument of a crime, access device fraud, receiving stolen property, and identity theft. 18 Pa.C.S. §§ 903(a)(1), 907(a), 2701(a)(3), 2706(a)(1), 2902(a)(1), 3502(a)(1)(ii), 3701(a)(1)(iv)-(v), 3925(a), 4106(a)(1)(ii), 4120(a).

of imprisonment followed by 5 years of probation.[3]  Appellant filed a timely post-sentence motion, in which he, *inter alia*, argued that his sentence was excessive.  By a September 17, 2020 order, the trial court denied the post-sentence motion.  Appellant thereafter filed a timely appeal.[4]

Appellant raises the following issues on appeal:

(1) Whether the evidence was insufficient to support convicting [Appellant] of participation in the burglary, robbery, battery and other crimes that occurred at the residence of the victim, Mr. Albanese as it was largely based upon the testimony of co-defendant witnesses who were unworthy of belief?

(2) Whether the sentence imposed upon [Appellant] is unduly harsh in light of the sentence being more severe than imposed upon the several co-defendants, as the sentence exceeded what was necessary for the purposes of sentencing; and because the court, in imposing sentence did not articulate its consideration of the numerous mitigating factors set forth in the probation department's pre-sentence investigation, nor the pre-sentence memorandum which was submitted in [Appellant's] behalf prior to sentencing?

Appellant's Brief at 1.[5]

_____

[3] The trial court imposed sentences of 4½ to 9 years on the burglary, robbery, and conspiracy counts, and a 1 to 2 year sentence on the theft count.  All of the terms of imprisonment were imposed concurrently.  The trial court also imposed 4-year terms of probation for the burglary and robbery counts and a 5-year term for the theft count; the probationary terms were imposed concurrently to each other and consecutively to the terms of imprisonment. No further penalty was imposed on Appellant's other convictions.

[4] Appellant filed his concise statement of errors complained of on appeal on October 30, 2020.  The trial court filed its Pa.R.A.P. 1925(a) opinion on December 22, 2020.

[5] The Commonwealth contends that Appellant's appellate arguments are waived based on his failure to comply with the briefing requirements of the
*(Footnote Continued Next Page)*

Appellant's first challenges the sufficiency of the evidence, which presents a question of law subject to our plenary review under a *de novo* standard. ***Commonwealth v. Smith***, 234 A.3d 576, 581 (Pa. 2020). When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Id.*** "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." ***Commonwealth v. Wallace***, 244 A.3d 1261, 1274 (Pa. Super. 2021) (citation omitted). As an appellate court, we may not reweigh the evidence and thus substitute our judgment for that of the fact-finder. ***Id.*** (citation omitted).

_____

Rules of Appellate Procedure, including the absence in his brief of the statement of jurisdiction, the scope and standard of review, the text of the order under review, and adequate citations to the record, as well as his failure to attach his Pa.R.A.P. 1925(b) statement to his brief. ***See*** Pa.R.A.P. 2111(a)(1)-(3), (d), 2114; 2115(a), 2119(c). The Commonwealth also argues that Appellant failed to adequately develop his arguments and cite to relevant legal authorities as required by the Rules. ***See*** Pa.R.A.P. 2119(a).

Where the defects in an appellant's brief are substantial, we may quash or dismiss an appeal. ***See*** Pa.R.A.P. 2101. Similarly, where an appellant fails to adequately develop an issue in his appellate brief with appropriate citations, we will deem that issue to be waived. ***Wirth v. Commonwealth***, 95 A.3d 822, 837 (Pa. 2014). While we acknowledge that Appellant's brief falls below the standards expected of advocates in this Court, we do not find the defects in his brief to be so substantial to require the quashal or dismissal of his appeal. We likewise do not find his appellate arguments to be so underdeveloped to warrant waiver of his claims.

In challenging the sufficiency of the evidence, Appellant does not dispute that a burglary, robbery, and theft took place at Mr. Albanese's house on March 5, 2018; instead, Appellant claims that there was insufficient evidence that he was present at the victim's house and that he participated in the crimes. Appellant contends that the evidence only showed that he was at Walmart several hours afterward with the individuals who committed the crime when items were purchased with Mr. Albanese's stolen debit card.

The Commonwealth argues in response that Appellant's challenge to the sufficiency of the evidence was waived based upon the fact that Appellant did not specify in his Pa.R.A.P. 1925(b) concise statement the elements of his convictions as to which he believed the evidence was insufficient. We are constrained to agree.

It is well-established that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Ellison*, 213 A.3d 312, 320-21 (Pa. Super. 2019) (citation omitted); *see also* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). "Such specificity is of particular importance in cases where[ ] the appellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Commonwealth v. Rivera*, 238 A.3d 482, 496

(Pa. Super. 2020) (citation omitted). Where the appellant's Rule 1925(b) statement "does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal]." ***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted); ***see also Ellison***, 213 A.3d at 321.

Appellant's Rule 1925(b) statement provides as follows:

**A. Conviction on Insufficient Evidence:**

1. The court erred as evidence of commission of crimes by the defendant, other than those that were alleged to have occurred subsequent to arrival at the Walmart store, is insufficient as a matter of law to sustain conviction.

2. The court erred as reliance upon the testimony of certain co-conspirators was unjustified and an abuse of discretion due to the differences in the testimony as between the two codefendant witnesses; their prior and/or concurrent criminal history made these witnesses so unreliable as to be unworthy of belief by the trier of fact and absent this testimony, there was insufficient evidence to convict of most charges.

Rule 1925(b) Statement, 10/30/20, at 1.

Appellant's Rule 1925(b) statement does not state which of his multiple convictions he was challenging, let alone which elements of those crimes as to which he believed the evidence was insufficient. While his appellate brief makes clear that Appellant admits that the home invasion occurred and he is only challenging whether the Commonwealth proved his involvement in it, his Rule 1925(b) statement did not sufficiently apprise the trial court of the nature of his sufficiency challenge as it only vaguely referenced the evidence related to events prior to his arrival at the Walmart. Furthermore, the fact that the

trial court addressed Appellant's sufficiency challenge in its Rule 1925(a) opinion is of no moment as "we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on . . . a trial court's choice to address an unpreserved claim." ***Tyack***, 128 A.3d at 261 (citation omitted).

Even if we were to address Appellant's sufficiency argument, however, we would conclude that it would not provide him relief. As stated above, Appellant does not contest the commission of the crimes at Mr. Albanese's house, only his involvement in those crimes. Yet, as Appellant acknowledges, two of his co-conspirators identified him at trial as a participant in the home invasion. Ms. Johnson testified that she, Appellant, Ms. Williams, and three other individuals met at a park in Philadelphia on March 5, 2018 and drove together to Mr. Albanese's house in Whitemarsh Township with the intention "[t]o go into [the victim's] house and take whatever we could get." N.T., 12/17/19, at 37-39, 45-48. After breaking into the house through an open window, they discovered that Mr. Albanese was home and then placed him in a chokehold, threatened him, forced him to disclose his PIN number for his debit card, and took various of his personal effects. ***Id.*** at 39-41, 59. Ms. Johnson and her five companions, including Appellant, then went to a Wells Fargo ATM where they withdrew money from Mr. Albanese's bank account and then proceeded to a Walmart where they purchased various items with Mr. Albanese's debit card. ***Id.*** at 41-43, 50-52.

Ms. Williams testified that she, Appellant, Ms. Johnson and three other individuals met in Philadelphia, drove to a store to purchase masks, and then drove to Mr. Albanese's house. *Id.* at 61-62, 66-68. After the group entered Mr. Albanese's house, they discovered that the victim was present, tied him up, and took various items from the house. *Id.* at 62-63. Ms. Williams then described how she and her five companions went to a Walmart where they purchased video game consoles using Mr. Albanese's debit card. *Id.* at 63-64.

In addition to the testimony of Ms. Johnson and Ms. Williams, the Commonwealth presented other evidence tying Appellant to the home invasion. The Commonwealth introduced a video from the Walmart in Willow Grove showing Appellant and his five companions, as well as a receipt documenting the purchase of Sony Playstation video game consoles and related accessories using Mr. Albanese's debit card. *Id.* at 32-36; Exhibits C-3, C-4. Appellant stipulated at trial to his presence at Walmart and involvement in the transaction. N.T., 12/17/19, at 34. Sergeant Cotter explained that several hours after the theft of Mr. Albanese's debit card, there was an unsuccessful attempted online transfer of funds from the victim's bank account to an account bearing Appellant's name and personally identifiable information. *Id.* at 86-90; Exhibit C-29. Sergeant Cotter also described his review of Appellant's social media posts; one of Appellant's posts from the day after the incident showed Appellant offering for sale a Sony Playstation. N.T., 12/17/19, at 91-96; Exhibit C-30.

In arguing that the evidence was insufficient to connect Appellant to the events at the victim's home, Appellant maintains that the testimony of Ms. Johnson and Ms. Williams was unworthy of belief absent corroborating evidence because they were admitted accomplices to the robbery and burglary and also in light of Ms. Johnson's record of *crimen falsi* convictions. However, the issue of whether the trial court was permitted to rely on the testimony of Appellant's accomplices is not properly before us in this sufficiency challenge as questions of witness credibility are exclusively reserved to the finder of fact. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (appellate court reviewing the sufficiency of the evidence may not assess the credibility of testimony); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are the responsibility of the finder of fact, and challenges to those determinations go to the weight, not the sufficiency of the evidence). Rather, we review the evidence in the light most favorable to the Commonwealth as the verdict-winner below and with all reasonable inferences from the evidence drawn in the Commonwealth's favor. *Smith*, 234 A.3d at 581. In light of Ms. Johnson's and Ms. Williams' testimony implicating Appellant in the home invasion, as well as the ample circumstantial evidence of Appellant's guilt, we conclude that the evidence was sufficient to find Appellant guilty beyond a reasonable

doubt of burglary, robbery, conspiracy to commit robbery, and theft.[6] Accordingly, even if Appellant had preserved his first appellate issue, it would merit him no relief.

Appellant next argues that the term of imprisonment imposed by the trial court was excessive as it was based entirely on the seriousness of the offense without consideration of mitigating factors, including Appellant's difficult childhood, his youth at the time that he committed the offenses, and the fact that Appellant was under the influence of the older participants at the time of the offense. In addition, Appellant contends that Appellant's sentence was excessive as it was substantially greater than the sentences received by his co-defendants for the same offenses.[7]

Appellant's argument relates to the trial court's exercise of its discretion in imposing his sentence. A challenge to the discretionary aspect of a sentence is not appealable as of right. 42 Pa.C.S. § 9781(b); *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

---

[6] Because Appellant does not challenge that these crimes occurred and only whether the Commonwealth proved his presence at the victim's house on March 5, 2018, we need not address the Commonwealth's proof as to each of the specific elements of these offenses.

[7] In the heading of the second appellate issue in his brief, Appellant also asserts that the trial court "did not afford [him] full credit for time already served." Appellant's Brief at 15-16. However, Appellant does not elaborate on this argument in the body of his brief, and this issue was not raised in his Rule 1925(b) statement. Therefore, this argument is waived. *Wirth*, 95 A.3d at 837; *Commonwealth v. Proctor*, 156 A.3d 261, 267 (Pa. Super. 2017).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Akhmedov*, 216 A.3d at 328  (citation omitted).  A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.  *Id.*  Whether a defendant has raised a substantial question must be evaluated on a case-by-case basis.  *Commonwealth v. Wallace*, 244 A.3d 1261, 1278 (Pa. Super. 2021).

Here, Appellant has complied with the first three of these requirements as he filed a timely notice of appeal, he preserved his challenges in a post-sentence motion, and he included a Rule 2119(f) statement in his brief.[8]  In addition, Appellant's raises a substantial question to the extent he claims that the trial court focused on the severity of the offense at the expense of all other

---

[8] The Commonwealth argues that Appellant's Rule 2119(f) statement was inadequate because it did not appear in a "separate enumerated section" of his brief.  Commonwealth's Brief at 16.  We disagree and find that Appellant's brief substantially complied with Rule 2119(f).  While the statement did not appear on a separate page of the brief, the statement is preceded by a bold-face heading referencing Rule 2119(f), it is set off in different typeface, and it appears immediately prior to his discretionary sentencing argument.  Appellant's Brief at 15-16.

relevant factors. ***Commonwealth v. Derrickson***, 242 A.3d 667, 680 (Pa. Super. 2020). Appellant also presents a substantial question with his argument that the trial court imposed a harsher sentence on him compared to his co-defendants without setting forth reasons for the disparity. ***Commonwealth v. Ali***, 197 A.3d 742, 764 (Pa. Super. 2018). We therefore proceed to the merits of Appellant's sentencing claim.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Watson***, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

We conclude that Appellant's sentences for his four convictions, each of which fell within the standard range and was imposed concurrently with each other, did not constitute an abuse of discretion. At sentencing, the trial court had the benefit of a pre-sentence investigative report ("PSI") as well as a sentencing memorandum submitted by Appellant. N.T., 6/22/20, at 4, 7. Where the sentencing court has reviewed a PSI, we presume that the court was aware of information related to the defendant's character and properly weighed any mitigating factors. ***Commonwealth v. Knox***, 165 A.3d 925,

930-31 (Pa. Super. 2017). Therefore, while the trial court indicated its awareness of Appellant's young age at the time of commission of the offenses and his potential for rehabilitation, N.T., 6/22/20, at 11-12, the court was not required to discuss each of the mitigating factors identified in the PSI or Appellant's sentencing memorandum when imposing the sentence. *See Knox*, 165 A.3d at 930-31 ("It would be foolish, indeed, to take the position that if a court is in possession of the facts [set forth in the PSI pertaining to the defendant's character], it will fail to apply them to the case at hand.") (citation omitted); *see also Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006) (noting that trial court can satisfy the requirement that it consider the sentencing factors of Section 9721(b) by stating on the record that it considered the PSI).

Furthermore, to the extent Appellant argues that his sentence was harsher than that of his accomplices, no relief is due. We initially observe that Appellant was not similarly situated to his co-defendants for the purposes of sentencing as his co-defendants pled guilty while Appellant proceeded to trial. *Ali*, 197 A.3d at 764. Therefore, "a disparity in sentencing between a defendant sentenced after a trial and [an accomplice] sentenced pursuant to a negotiated plea deal does not demonstrate the trial court penalized the defendant for exercising his right to" trial. *Id.* (citation omitted).

Even where two similarly situated defendants are given different sentences for the same crime, however, a sentencing court's sole responsibility is to "give reasons particular to each defendant explaining why

they received their individual sentences." *Id.* (citation omitted); *see also Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. 1997). The court is not required to justify the disparity with reference to the specific sentence imposed on the co-defendant. *Cleveland*, 703 A.2d at 1048. Here, the trial court adequately stated its rationale for imposing Appellant's individualized sentence, noting the severity of his crimes and their effect on the victim and the community and the potential that Appellant's actions could have resulted in serious injury or death and Appellant's lack of cooperation with the police,[9] as well as recognizing Appellant's young age and potential for rehabilitation. N.T., 6/22/20, at 11-12. Therefore, as the trial court set forth reasons for Appellant's individual sentence, the court did not abuse its discretion in imposing a harsher sentence on Appellant than on his co-defendants.

Accordingly, we find no merit to Appellant's second appellate issue and affirm his convictions and sentence.

Judgment of sentence affirmed.

---

[9] The trial court emphasized that, while it considered Appellant's lack of cooperation with authorities in determining his sentence, it was not basing the sentence on his decision to stand trial. N.T., 6/22/20, at 11; *compare Commonwealth v. Begley*, 780 A.2d 605, 644 (Pa. 2001) (trial court can consider at sentencing the defendant's lack of cooperation with authorities as indicative of his character) *with Commonwealth v. Bethea*, 379 A.2d 102, 104-07 (Pa. 1977) (trial court may not impose a harsher sentence based upon defendant's decision to exercise his constitutional right to trial).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2021