J-S19015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY ANSON SCHWEIGER | : | |
| | : | |
| Appellant | : | No. 1525 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 23, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001714-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY A. SCHWEIGER | : | |
| | : | |
| Appellant | : | No. 1526 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 23, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004827-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY A. SCHWEIGER | : | |
| | : | |
| Appellant | : | No. 1527 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 23, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004826-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TROY ANSON SCHWEIGER | : | |
| | : | |
| Appellant | : | No. 1528 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 23, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002600-2019

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 22, 2023**

Appellant, Troy Anson Schweiger, appeals from the aggregate judgment of sentence of 15 to 40 years' incarceration, imposed after he pled guilty — at four separate docket numbers — to multiple counts of robbery (18 Pa.C.S. § 3701(a)(1)(ii)), criminal conspiracy to commit robbery (18 Pa.C.S. § 903), simple assault (18 Pa.C.S. § 2701(a)(3)), intimidation of a witness or victim (18 Pa.C.S. § 4952(a)(5)), and fleeing or attempting to elude police officers (18 Pa.C.S. § 3733). On appeal, Appellant solely challenges the discretionary aspects of his sentence. After careful review, we affirm.

The trial court provided a detailed summary of the facts underlying Appellant's four cases, which we need not reproduce herein. **See** Trial Court Opinion (TCO), 12/7/22, at 4-5. We only briefly note that Appellant's robbery, conspiracy, and simple assault convictions at CP-22-CR-0004826-2018 and CP-22-CR-0004827-2018 stemmed from his and two cohorts' committing robberies of three convenience stores on May 25, 2018, and a frozen yogurt shop on August 23, 2018. Appellant's conviction of intimidation of a victim or

witness at CP-22-CR-0002600-2019 stemmed from his sending an intimidating and threatening letter, while he was incarcerated in January of 2019, "to his former girlfriend, … against whom he was charged [in a separate case] with terroristic threats and simple assault." *Id.* at 5 (footnote, citation to the record, and unnecessary capitalization omitted). Finally, Appellant's conviction of fleeing or eluding a police officer at CP-22-CR-0001714-2021 arose from his leading police on a dangerous, high-speed chase when they attempted to serve an arrest warrant for him in March of 2021. *Id.*

Appellant's four separate cases were ultimately consolidated and, on July 22, 2022, he pled guilty to the above-stated crimes. In exchange, the Commonwealth withdrew an additional 18 counts with which Appellant had been charged. There was no agreement as to Appellant's sentence. After the preparation of a pre-sentence investigation report, the trial court sentenced Appellant to the aggregate term set forth, *supra*, on September 23, 2022. Appellant filed a timely, post-sentence motion for reconsideration of his sentence, which the court denied on October 4, 2022. Appellant then filed timely notices of appeal at each of his four docket numbers.[1] He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on December 7, 2022.

---

[1] We *sua sponte* consolidated Appellant's appeals by *per curiam* order entered on December 15, 2022.

Herein, Appellant states one issue for our review: "Whether the imposition of consecutive sentences created a substantial question where the sentencing court failed to adequately consider the sentencing factors for total confinement[,] and where the sentencing court abused its discretion in sentencing [Appellant] to an aggregate sentence of 15 to 40 years in a state correctional facility[?]" Appellant's Brief at 4 (unnecessary capitalization and underlining omitted).

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Presently, Appellant filed timely notices of appeal, and he preserved his sentencing claims in his post-sentence motion. He has also included a Rule 2119(f) statement in his appellate brief. Thus, we must decide if he has raised a substantial question that his sentence is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Appellant contends that his sentence for intimidation of a witness or victim was in the aggravated guideline range and the court failed to state sufficient reasons to justify that sentence. ***See*** Appellant's Brief at 12. He also avers that the court abused its discretion by imposing consecutive sentences without adequately considering the nature of the crimes, including that Appellant only drove and did not enter the convenience stores that were robbed, only fake guns were used, and no one "received physical injury as a result of … [A]ppellant's actions." ***Id.*** at 18. Appellant also insists that the court failed to account for his rehabilitative needs and ignored certain mitigating factors, such as Appellant's young age and his mental health and addiction issues. In sum, Appellant maintains that the court's aggregate sentence of 15 to 40 years' incarceration is excessive and not appropriate under the Sentencing Code.

We conclude that Appellant has presented a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (stating that Swope's "challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question"); *Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa. Super. 2006) (finding a substantial question presented where Fullin argued that the "trial court failed to state on the record sufficient reasons for imposing an aggravated[-]range sentence").

In reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, in considering Appellant's sentencing challenges, we have reviewed his brief, the Commonwealth's response, the certified record, and the applicable law. We have also considered the detailed and thoughtful opinion of the Honorable Scott Arthur Evans of the Court of Common Pleas of Dauphin County. We conclude that Judge Evans' decision adequately addresses each of Appellant's sentencing claims. Further, Judge Evans'

discussion of his sentencing rationale demonstrates that he did not commit an abuse of discretion in fashioning Appellant's individual sentences or aggregate term of incarceration. Thus, we adopt Judge Evans' opinion as our own, and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/22/2023

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
vs. : NO. 4826, 4827 CR 2018; 2600 CR 2019;
: 1714 CR 2021
:
:
TROY SCHWEIGER :

## MEMORANDUM OPINION

On July 22, 2022, Defendant entered guilty pleas to the following offenses at the dockets

indicated:

4826 CR 2018 – three (3) counts of Robbery[1] and three (3) counts of Criminal

Conspiracy.[2]

4827 CR 2018 – two (2) counts of Robbery[3] and one (1) count of Simple Assault.[4]

2600 CR 2019 – one (1) count of Intimidation of Witnesses or Victims;[5] and

1714 CR 2021 – one (1) count of Fleeing or Attempting to Elude Police Officers.[6]

The Commonwealth withdrew eighteen (18) counts between the four (4) dockets.[7] There

was no agreement as to the sentence to be imposed. Sentencing was deferred for the preparation

of a Pre-Sentence Investigation Report (PSI). [Notes of Testimony dated July 22, 2022,

hereinafter "N.T. GP", p. 29].

On September 23, 2022, the PSI having been completed and reviewed by the parties and

the Court, [Notes of Testimony dated September 23, 2022, hereinafter "N.T. Sent", pp. 2, 25],

---

[1] 18 Pa. C.S.A. §3701(a)(1)(ii)
[2] 18 Pa. C.S.A. §903
[3] 18 Pa. C.S.A. §3701(a)(1)(ii)
[4] 18 Pa. C.S.A. §2701(a)(3)
[5] 18 Pa. C.S.A. §4952(a)(5)
[6] 75 Pa. C.S.A. §3733
[7] Two (2) other dockets, 4829 CR 2018 and 1713 CR 2021, were entirely withdrawn by the Commonwealth.



1

33-13

we sentenced Defendant to an aggregate term of not less than fifteen (15) nor more than forty (40) years in a state correctional institution. [N.T. Sent. 29].[8] On October 3, 2022, Defendant filed a Post-Sentence Motion to modify his sentence. We denied said Motion on October 4, 2022.

On October 31, 2022, Defendant filed Notices of Appeal for 4826 CR 2018 and 2600 CR 2019. On November 1, 2022, Defendant filed Notices of Appeal for 4827 CR 2018 and 1714 CR 2021. On November 23, 2022, Defendant filed a Concise Statement of Errors Complained of Upon Appeal Pursuant to Pa. R.A.P. 1925(b) at each of the instant dockets. On December 6, 2022, Defendant filed an Amended 1925(b) Statement at 4827 CR 2018.

Defendant has raised the following allegations of error relating to the discretionary aspects of the sentences imposed:

<u>4826 CR 2018</u>

1. This Court abused its discretion in sentencing [Defendant] to 36-100 months, when the guidelines called for a sentence of 40-54 months, when the Court treated the robberies as separate, when the robberies all occurred on one night, in the span of less than two hours, and not treating the robberies as one continuous course of conduct.

2. The Court abused its discretion in treating [Defendant] substantially differently from his co-defendants, and the fact [Defendant] did not enter the place of business in the conspired robbery.

3. The Court abused its discretion in its overall sentencing of [Defendant] by failing to account for [Defendant's] age and lack of criminal history prior to his criminal experience, the role of drugs and alcohol in the offenses, failing to adequately consider [Defendant's] remorse, failing to take into consideration [Defendant's] family's testimony, and all other factors raised in [Defendant's] post-sentence motion.

<u>4827 CR 2018</u>

1. The Court abused its discretion in its overall sentencing scheme of [Defendant] by failing to account for [Defendant's] age and lack of criminal history prior to his

---

[8] In addition to the dockets noted in Footnote 7, *supra*, which were withdrawn by the Commonwealth, Defendant was sentenced at three (3) additional dockets for which no appeals have been taken: 5462 CR 2018, 807 CR 2019, and 1715 CR 2021.

2

criminal experience, the role of drugs and alcohol in the offenses, failing to adequately consider [Defendant's] remorse, failing to take into consideration [Defendant's] family's testimony, and all other factors raised in [Defendant's] post-sentence motion.

2. The Court abused its discretion in running the sentence at this docket consecutive to docket 4826 CR 2018, as such a sentence does not comport with the rehabilitative needs of [Defendant] and disregards his mitigating evidence.[9]

### 2600 CR 2019

1. The Court abused its discretion in sentencing [Defendant] to 18-48 months, when the guidelines called for 6-14 months, thereby imposing an aggravated range sentence without providing a contemporaneous justification as to depart from those guidelines.

2. The Court erred in its sentencing scheme when it sentenced [Defendant] by failing to account for [Defendant's] age and lack of criminal history prior to his criminal experience, the role of drugs and alcohol in the offenses, failing to adequately consider [Defendant's] remorse, failing to take into consideration [Defendant's] family's testimony, and all other factors raised in [Defendant's] post-sentence motion.

3. The Court abused its discretion in imposing this docket's sentence consecutive to 4827 CR 2018, disregarding [Defendant's] mitigating evidence and rehabilitative needs.

### 1714 CR 2021

1. The Court abused its discretion in sentencing [Defendant] to 6-12 months, when the guidelines called for a RS-9 sentence, by failing to account for [Defendant's] age and lack of criminal history prior to his criminal experience, the role of drugs and alcohol in the offenses, failing to adequately consider [Defendant's] remorse, failing to take into consideration [Defendant's] family's testimony, and all other factors raised in [Defendant's] post-sentence motion.

2. The Court abused its discretion in imposing a sentence consecutive to docket 2600 CR 2019, by disregarding [Defendant's] rehabilitative needs and mitigating evidence.

---

[9] The issues recounted herein were contained in Defendant's original 1925(b) Statement and his amended Statement. It appears, therefore, that Defendant's intention was to forego a claim initially presented rather than to add issues. Accordingly, we will only address those allegations included in the amended Statement.

## STATEMENT OF FACTS

On May 25, 2018, Defendant, age twenty (20), Nathan Strausser, age twenty (20), and Dave Deibert, age sixteen (16), engaged in three (3) distinct Robberies at three (3) distinct locations. Defendant was the driver of the vehicle and engaged in the planning of the crimes. [N.T. GP 14].

The first Robbery occurred at the Turkey Hill on Jonestown Road. [N.T. GP 14]. Dave Deibert entered the store with a fake assault rifle and demanded money. He obtained $100.50. [N.T. GP 14].

The second Robbery occurred approximately forty (40) minutes later at a Sheetz in Palmyra. [N.T. GP 15; Commonwealth's Sentencing Memorandum, hereinafter "Memo"]. This time, Strausser entered the store with the fake rifle, but he quickly abandoned the plan and left without obtaining any money or merchandise.

Following the second Robbery, Defendant drove himself and his cohorts to his home for them to get new clothes. [Memo]. They then drove to the Sheetz in Halifax, where Deibert entered the store with the rifle and obtained $300.00. [N.T. GP 17]. For his participation in these Robberies, Deibert was adjudicated delinquent and committed to a secure residential treatment facility. [Memo].

Strausser suffers from intellectual disabilities. He has an intelligent quotient (IQ) of 55. At the time of sentencing, he resided in a group home, and it was expected that he would continue to do so indefinitely, if not for the remainder of his life. He is unable to accomplish basic tasks such as counting money or keeping time. After confirming the extent of Strausser's mental limitations, the District Attorney decided to seek a *nolle prosequi* of all charges. [Memo].

4

On August 23, 2018, Defendant, acting alone, again utilizing a fake assault rifle, entered the Sweet Frog frozen yogurt store in South Hanover Township. [N.T. GP 19]. He pointed the fake rifle at numerous employees and customers, demanded money, and obtained $617.01. [N.T. GP 19; Memo].

On January 28, 2019, Defendant sent a letter from prison to his former girlfriend, Paige Balshy, against whom he was charged with Terroristic Threats[10] and Simple Assault.[11] [N.T. GP 23-24]. The letter employed intimidation and implicit threats to dissuade her from testifying against him. [N.T. GP 24-25; Memo]. The underlying charges of Simple Assault and Terroristic Threats involved Defendant punching Balshy in the face and sending very threatening text messages. The text messages included threats to kill her accompanied by a picture of Defendant pointing a gun at the camera, the statement that Defendant would "do life for [her] murder", and the declaration that Defendant would "sneak up to [her] after work catch [her] in the dark wait for the flash." [Memo].[12]

On March 10, 2021, the Pennsylvania State Police (PSP) attempted to serve an arrest warrant on Defendant. [N.T. GP 25-26]. Defendant fled on a motorcycle and engaged Troopers in a high-speed chase. [N.T. 26-27]. Defendant traveled over ninety (90) miles per hour in a forty (40) mile per hour zone, passed vehicles by entering opposing lanes of traffic and the shoulder, and passed vehicles around blind curves. Defendant's actions endangered the Troopers, other motorists, pedestrians, and areas of active road work. [Memo].

---

[10] 18 Pa. C.S.A. §2706(a)(1)
[11] 18 Pa. C.S.A. §2701(a)(1)
[12] Defendant pled guilty to these allegations at 807 CR 2019. Although that docket is not part of the instant appeal, we believe the facts are relevant to the sentence imposed at 2600 CR 2019 for Intimidation of Witnesses or Victims.

## LEGAL DISCUSSION

All Defendant's issues challenge This Court's discretion in sentencing. It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id.* Rather, the appellant must establish by reference to the record that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id.* Indeed, the sentencing judge has broad discretion in determining the proper penalty as the sentencing court is in the best position to view the defendant's character, displays of remorse, defiance, indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).

When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. §9721(b). A "court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

However, when a trial court has the benefit of a PSI, it can be assumed that the court is aware of relevant information regarding Defendant's character and has weighed those considerations along with mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12,

6

18 (Pa. 1988). *See Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a presentence investigation report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case").

This Court had and considered a PSI. [N.T. Sent 2, 25]. Therefore, despite Defendant's assertion to the contrary at all four (4) dockets, we did consider his age, criminal history, and the role of drugs and alcohol in the offenses, as he suggests we should have. We also heard testimony from six (6) of Defendant's family members. [N.T. Sent 5-14]. Our comments at sentencing demonstrate that we were attentive to that testimony and considered it in the formulation of our sentence. [N.T. Sent 25]. Finally, we afforded Defendant the opportunity to speak, and he did so at length. [N.T. Sent 14-20]. Therefore, we believe we adequately considered all the very sentencing factors Defendant has argued we ignored.

Apart from the broad sentencing challenges already discussed, Defendant has presented several more specific claims of error. We begin with two (2) such claims pertaining to 4826 CR 2018.

First, Defendant contends that we erred in treating the Robberies charged at this docket as separate rather than "as one continuous course of conduct." It is undisputed that each Robbery occurred at different establishments, in different municipalities, and involved different victims. The second Robbery occurred approximately forty (40) minutes following the first Robbery. The third Robbery was perpetrated after a break to change clothes at Defendant's home. Each Robbery was preceded by some intervening period during which Defendant had the opportunity to ponder his actions and not engage in additional criminal activity.

7

Such was not the case in *Commonwealth v. Diehl*, 140 A.3d 34 (Pa. Super. 2016). The defendant in that case argued that his sentences for Homicide by Vehicle, Homicide by Vehicle while Driving Under the Influence, and Accidents Involving Death or Personal Injury should not have been consecutive because they were "based on a single course of conduct." *Id.* at 44. The Court disagreed, stating:

> [T]he course of events comprised distinct aspects of consciously drinking before driving, disregarding obvious signs of an emergent situation on the highway indicating a need for cautious driving, and proceeding away from the scene after a serious collision, which, taken together, placed this matter within the court's province to impose consecutive sentences.

*Id.* at 45.

From a lay standpoint, there is at least some colorable merit to Diehl's argument. He engaged in one motor vehicle accident. He did not have three (3) distinct traffic accidents, in three (3) distinct municipalities. He did not make the conscious decision to commit more crime after having already completed his initial crimes. He only victimized those individuals that were part of the singular accident for which he was charged. Yet the Superior Court held that consecutive sentences were appropriate to vindicate the "distinct aspects" of what appears to be a lone incident of criminal conduct. In other words, consecutive sentences are appropriate to punish each distinct crime a defendant commits as part of a criminal episode.[13]

We are also struck by another argument put forth by the defendant in *Diehl* that reminds us of one made by Defendant. In *Diehl*, the defendant suggested that allowing consecutive sentences in his case amounted to a "volume mark-up." *Id.* at 45. Here, Defendant wants a "volume discount" for committing multiple crimes. He contends that he should be sentenced as if

---

[13] The limitation on this principle is the doctrine of merger. *See*, 42 Pa. C.S.A. §9765. Defendant herein has not raised any argument that any of the offenses for which he was sentenced should merge for purposes of sentencing.

8

he had committed only one (1) Robbery; as if he had not consciously decided to drive to new locations and victimize more people; to steal more money.

To accept Defendant's logic would be unfair to similarly situated defendants who had the sense to stop robbing people after their first Robbery, or their second Robbery. The absurdity of Defendant's argument is best illustrated by examining its public policy consequences. Why stop committing crime if every crime on any given day is a "freebie" after the first one? Neither punishment, nor retribution, nor rehabilitation can be effectively exacted by ignoring the breadth and extent of a defendant's criminal conduct.

Second, Defendant challenges his sentence on the grounds that he was treated "substantially differently from his co-defendants, and the fact [that he] did not enter the place of business in the conspired robber[ies]." "The law is well-settled that co-defendants are not required to receive identical sentences." *Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010). All that is required is for the sentencing court to give reasons particular to each defendant for the respective sentences imposed. *Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. 1997). In doing this, however, the court need not specifically refer to the sentence of a co-defendant. *Id.*

We believe we thoroughly discussed the basis for the sentences imposed. As already referenced, we considered the PSI and it is, therefore, presumed that we also considered all relevant statutory factors and mitigating circumstances. *Devers, supra,* and *Fowler, supra.* However, at the time of sentencing we also specifically referenced various factors unique to Defendant.

We took note of the fact that Defendant engaged in numerous instances of criminal activity, and that they occurred over a nearly three (3) year period. [N.T. Sent 25]. We also

9

credited the Commonwealth's arguments that, despite not entering the stores and personally committing the Robberies on May 25, 2018, Defendant was the ringleader of the conspiracy. Defendant was an adult, whereas Deibert was a sixteen (16) year old juvenile. Strausser was intellectually challenged to the extent that we do not believe he could have planned the crimes or carried them out on his own. [N.T. Sent 25]. This belief is supported by how quickly he abandoned the plan upon entering the Sheetz in Palmyra. Considering Defendant's argument, we are struck by the idea that his not entering the stores himself but sending in a child and an intellectually challenged individual is more of an aggravating factor than a mitigating factor. Finally, we reasoned that Defendant's intimidation of Paige Balshy and high-speed flight from PSP demonstrated an indifference to others that made him dangerous to the community. [N.T. Sent 26].

Furthermore, we suggest that there were no other "co-defendants" at this docket. Deibert was not a "defendant" who committed crimes. He was a "child" who committed "delinquent acts." *See*, 42 Pa. C.S.A. §6302. Strausser's charges were withdrawn by the Commonwealth, so he was neither convicted nor sentenced for any crimes. Therefore, we fail to understand Defendant's argument. Would he have us treat him as a juvenile because he, as an adult, chose to enlist a juvenile in his crime spree? Would he have us dismiss all his charges because he, as a person with the capabilities to know better, enlisted someone of limited mental faculties in his crime spree?

Finally, we wish to point out that the sentences imposed at 4826 CR 2018 are far below what Defendant could have received under the Sentencing Guidelines. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate

10

under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010), *citing Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995).

Defendant's sentence at each of the Robbery counts at this docket, thirty-six (36) months, was in the **mitigated** range of the Sentencing Guidelines. Furthermore, we declined to impose any sentence at the three (3) counts of Criminal Conspiracy, each with a standard range of twelve (12) to twenty-four (24) months. Accordingly, Defendant was sentenced at this docket to a minimum term of nine (9) years. We could have imposed a minimum term of **nineteen and one-half (19 ½) years within the standard range.**

Moving on to issues raised in the remaining dockets, Defendant argues that we abused our discretion by directing all dockets to be served consecutively. "[L]ong standing precedent...recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005). The only limitation on this broad discretion is where the aggregate sentence "viscerally appear[s] as patently unreasonable." *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010).

We cannot conclude that there is anything "viscerally unreasonable" about the sentences imposed. We already discussed the sentence at 4826 CR 2018 and its relationship to the Sentencing Guidelines. Examining the entire sentencing scheme in relation to the Guidelines further underscores the reasonableness of that scheme, at least as far as Defendant should be concerned.

At 4827 CR 2018, we imposed standard range, concurrent sentences at the two (2) Robbery counts. We imposed no sentence for Simple Assault, which would not have merged for

sentencing purposes because it was directed at a different victim from the Robberies. Therefore, while we imposed an aggregate minimum term at this docket of four (4) years, we could have imposed more than nine and one-half (9 ½) years and still been within the standard range.

2600 CR 2019 is the only docket where we imposed a sentence outside of the standard range. The eighteen (18) month sentence exceeded the standard range of six (6) to fourteen (14) months. Defendant has alleged that we sentenced within the aggravated range without providing justification for doing so. We disagree.

As already discussed, we took special note at sentencing of the Intimidation of Witnesses or Victims charge at this docket, pointing out Defendant's indifference to other people and his dangerousness to the community. [N.T. Sent 26]. Defendant's actions regarding this charge strike us as especially heinous considering the intensely frightening nature of the threats against Ms. Balshy in the underlying assault case. We stated the following at sentencing:

> The other discerning aspect of the case is the involvement with his former girlfriend with the terroristic threats and simple assault which an interesting insight takes place when you review the texts and what was sent. The fact that the woman cannot bring herself to be present in court today just for fear of flaming the fires of what may occur when the Defendant gets out.[14]

[N.T. Sent 25-26].

While the underlying text messages were certainly frightening, the aspect of Defendant's actions we find chilling and aggravating is the letter sent from prison giving rise to the Intimidation charge. It is that letter that affirms Defendant's unique danger to Ms. Balshy and the community. This was not a simple text sent off quickly in a fit of rage. This was a handwritten letter placed in the United States mail. It was drafted and sent long after an opportunity to cool off and reflect on his actions. It is the single item of evidence in this case that tends to vitiate

---

[14] Ms. Balshy's victim impact statement, in which she expressed her fears of Defendant and of coming to court, was attached as Exhibit 2 to the Commonwealth's Sentencing Memorandum

12

Defendant's claims of remorse and prospects for rehabilitation in the short term. Therefore, an aggravated range sentence was warranted.

At 1714 CR 2021, we imposed a six (6) month sentence within the standard range of Restorative Sanctions (RS) to nine (9) months. Therefore, if we examine the entire sentencing scheme among the four (4) dockets, we find that we could have imposed a minimum term of **thirty-one (31) years** within the standard range at all counts of all dockets. We believe our sentence of fifteen (15) years is "viscerally" excessively reasonable.

For the foregoing reasons, we urge the Superior Court to affirm the judgment of sentence.

BY THE COURT:



Scott Arthur Evans, Judge

Distribution: 12/7/22 @ P-27 am
Stephen Zawisky, Esq., District Attorney's Office ℔
Ryan Lysaght, Esq., District Attorney's Office ℔
Spencer Bradley, Esq., Public Defender's Office ℔
Prothonotary, Superior Court of Pennsylvania mail

13