J-S45023-23
J-S45024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ABRAHAM T. ALDRICH | : | |
| Appellant | : | No. 434 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 2, 2023
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000131-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ABRAHAM T. ALDRICH | : | |
| Appellant | : | No. 436 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 2, 2023
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000135-2021

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED: SEPTEMBER 26, 2024**

Abraham T. Aldrich appeals from the judgment of sentence, entered in

the Court of Common Pleas of Perry County, after he pled guilty to various

_____

[*] Former Justice specially assigned to the Superior Court.

drug-related charges[1] on four separate criminal dockets.[2] Counsel have filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). After review, we affirm and grant counsels' petition to withdraw.

Briefly, between April 15 and November 15, 2020, Aldrich and his wife, Alicia Aldrich, were involved in the distribution and use of heroin and fentanyl while living in the Borough of Newport. On April 15, 2020, Aldrich shared fentanyl with his neighbor, Nicholas Winter, who was later found deceased. On September 13, 2020, Aldrich shared methamphetamine with John Heims, who was visiting his girlfriend, also one of Aldrich's neighbors. Heims was also found deceased.

On December 1, 2022, Aldrich entered a hybrid guilty plea[3] for all four of his outstanding cases related to the above facts and other related drug use.

---

[1] On Docket CP-50-CR-0000131-2021 (No. 131-2021), Aldrich pled guilty to one count each of possession with intent to deliver (PWID) and involuntary manslaughter, and two counts of tampering with physical evidence. ***See*** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 2504(a); ***id.*** at § 4910(1), respectively. On Docket CP-50-CR-0000135-2021 (No. 135-2021), Aldrich pled guilty to one count each of PWID and involuntary manslaughter.

[2] On March 20, 2023, Aldrich filed two timely notices of appeal, each listing a separate docket number, with respect to Docket Nos. 131-2021 and 135-2021, in compliance with our Supreme Court's holding in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). Aldrich only appeals from his judgment of sentence at two of the four criminal dockets. On March 27, 2024, we *sua sponte* consolidated both appeals. ***See*** Pa.R.A.P. 513 (consolidation of multiple appeals).

[3] As part of the agreement, the Commonwealth withdrew Aldrich's drug delivery resulting in death charges at the above-captioned dockets.

- 2 -

On February 2, 2023, Aldrich was sentenced to an aggregate term of 8 to 18 years' incarceration.[4] Aldrich filed timely post-sentence motions in both cases—claiming that the trial court imposed an excessive sentence by running his PWID and involuntary manslaughter terms consecutively at both No. 131-2021 and No. 135-2021—which the trial court denied on February 28, 2023.

Subsequently, Aldrich filed timely notices of appeal on March 20, 2023. Trial counsel, David Edward Wilson, Esquire, filed a petition for leave to withdraw as counsel with the trial court on the same date. The trial court did not rule on trial counsel's petition. On March 21, 2023, the trial court ordered Aldrich to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 25 days, or by April 17, 2023.[5] Aldrich failed to comply with the court's Rule 1925(b) orders and did not file a concise statement in either case.[6] On April 19, 2023, the trial court entered orders in both cases, stating

---

[4] At No. 131-2021, Aldrich was sentenced to consecutive terms of 2 to 4 years' incarceration for PWID and 2 to 5 years' incarceration for involuntary manslaughter, and concurrent sentences of 1 to 2 years' incarceration for each tampering with evidence count. At No. 135-2021, Aldrich was sentenced to consecutive terms of 2 to 4 years' incarceration for PWID and 2 to 5 years' incarceration for involuntary manslaughter, served consecutively to No. 131-2021.

[5] The 25th day was Saturday, April 15, 2023, and, therefore, Aldrich had until Monday, April 17, 2023, to file his Rule 1925(b) statement. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such time period shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation.").

[6] We note that trial counsel filed an application to withdraw as counsel and for a stay of proceedings with this Court on May 2, 2023. On May 5, 2023, we granted trial counsel's application to withdraw. On June 1, 2023, the trial court appointed William Shreve, Esquire, to represent Aldrich on direct appeal.

that because Aldrich failed to file a Rule 1925(b) statement, no Rule 1925(a) opinion would be forthcoming. On March 27, 2024, after determining that the failure, by either Attorney Wilson or Attorney Shreve, to file a Rule 1925(b) statement constituted *per se* ineffective assistance of counsel, **see** Pa.R.A.P. 1925(c)(3), we remanded the matter to the trial court for the appointment of new counsel, the filing of a Rule 1925(b) statement, *nunc pro tunc*, and a responsive Rule 1925(a) opinion. **Commonwealth v. Aldrich**, Nos. 434 MDA 2023, 436 MDA 2023, (Pa. Super. filed Mar. 27, 2024) (unpublished memorandum decision).

Upon remand, the trial court appointed Petra K. Gross, Esquire, and Ashley E. Smith, Esquire (collectively, "Appellate Counsel"),[7] to represent Aldrich at both dockets. Subsequently, on August 12, 2024, Appellate Counsel filed an **Anders** brief[8] and application to withdraw.[9] Aldrich has not filed a

---

[7] Attorney Gross and Attorney Smith are both attorneys with the firm "Martson Law Offices" with locations in Carlisle and Thompsontown, Pennsylvania.

[8] Pursuant to Pa.R.A.P. 1925(c)(4):

> If counsel intends to seek to withdraw in a criminal case pursuant to **Anders/Santiago** . . ., counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a [Rule 1925(b)] Statement.

Pa.R.A.P. 1925(c)(4).

[9] In addition, on July 18, 2024, the trial court submitted an order in lieu of a Rule 1925(a) opinion, stating that counsel had filed a motion to withdraw with the trial court on June 28, 2024, and would not be filing a Rule 1925(b) statement and, therefore, the trial court could not file a responsive trial court opinion as we ordered. **See** Order, 7/18/24.

*pro se* brief with this Court nor retained alternate counsel for purposes of this appeal.

Prior to addressing the merits of Aldrich's claims, we must determine whether Appellate Counsel complied with the dictates of ***Anders*** and its progeny in the request to withdraw from representation. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) ("this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). Court-appointed counsel seeking to withdraw from representation on the basis that the appeal is frivolous must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal . . .; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

***Id.***

Additionally, the Pennsylvania Supreme Court has explained that a proper ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Finally, this Court must "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted).

Here, our review of counsel's *Anders* brief and application to withdraw reveals that Appellate Counsel have complied with each of the technical requirements of *Anders* and *Santiago*. Appellate Counsel state they have made a conscientious examination of the record, determined that further pursuit of a direct appeal would be frivolous, and furnished a copy of the letter sent to Aldrich advising him of his right to proceed *pro se* or raise issues in response to the brief. *See Goodwin*, *supra*. Additionally, Appellate Counsel's *Anders* brief complies with the requirements of *Santiago*. Accordingly, we conclude that Appellate Counsel have complied with the requirements for withdrawing from representation and proceed with an independent review of the merits. *See Flowers*, *supra*.

Appellate Counsel raise the following issues in the *Anders* brief for our consideration:

> 1. Whether the trial court abused its discretion by imposing consecutive sentences for Aldrich's felony charges at each docket, as well as running the sentence at each docket consecutively to each other[,] and denying Aldrich's motion to modify sentence.
>
> 2. Whether trial counsel was ineffective for failing to request a minimum sentence that would have made Aldrich eligible for a state drug treatment program pursuant to 61 Pa.C.S.[A.] § 4101(a).

3. Whether trial counsel was ineffective for failing to request that the trial court consider anticipated changes to the Pennsylvania Sentencing Guidelines, effective January 1, 2024.

***Anders*** Brief, at 1, 14 (reworded for clarity, unnecessary capitalization omitted).

Aldrich's first claim challenges the discretionary aspects of his sentence for which there is no automatic right to appeal. ***See Commonwealth v. Sunealitis***, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***See Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (some citations omitted).

Here, Aldrich filed a timely notice of appeal and properly preserved his claim in his post-sentence motion. Appellate Counsel failed to include a separate Rule 2119(f) statement in the ***Anders*** brief and, therefore, the brief

has a fatal defect.[10] ***Moury***, ***supra***. However, this defect is not an impediment to our review in this case. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (where counsel filed ***Anders*** brief, this Court reviewed discretionary sentencing claim even absent Rule 2119(f) statement). Where counsel files an ***Anders*** brief, we can review the discretionary aspect of sentencing claim, even absent a 2119(f) statement, as part of our independent review of the record.

At sentencing, the trial court stated the following:

Mr. Aldrich, I'm at an absolute loss of exactly what to do with your cases. You're – and it's tough, because you're looking at yourself [and] who you are now. And I will tell you, you've done a great job since all this; but the severity and amount of charges you have pending here today, it's almost unreal.

On each of the two [PWID charges] and each of the two involuntary manslaughters, your guidelines are 21 to 27 months; tampering with physical evidence, two counts of that, 1 to 9 months; and the [PWID] charges, RS to 6. **To do what you're asking and to keep you local**, legally, I'd have to go below mitigated ranged and run every single sentence under here concurrent. And **running these cases all concurrent with each other even in the standard range to me doesn't do justice to the victims**; **it doesn't do justice to those who were only involved with one death**.

And where I said I get stuck is, **looking at what you've done while you've been incarcerated**—a lot of positive things—to **the fact that this happened twice**, which, in my mind, makes it even worse, because you knew you were involved with the first one and couldn't stop. **Now, I realize that's addiction, too.**

---

[10] This Court has "grappled with the mandatory nature of Rule 2119(f) and whether it is a procedural or jurisdictional requirement, i.e., a fatal or waivable defect." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa. Super. 2004).

**There's a reason you couldn't stop.** But when you don't learn when one life is lost and we're here again, it doubles it up.

And I think your request—I don't know if it's wishful thinking or you truly don't understand sentencing structure or truly don't comprehend the amount of trouble you're in here today as far as sentencing and what you've done. Two people lost their lives. And I understand you're going to, you know, spend a lot of time in jail; but the other side of that is you're 43, which is still young; may not feel that way, but it's still young, and you still have a lot of time even when these sentences are over to be that positive influence.

N.T. Sentencing Hearing, 2/2/23, at 7-9 (emphasis added).

At sentencing, the trial court had the benefit of a letter from Aldrich's recovery specialist, a victim/witness impact statement, Aldrich's in-court statement, and a pre-sentence investigation report (PSI). ***See id.*** at 3-5, 7; ***see also Commonwealth v. Pacheco***, 227 A.3d 358, 377 (Pa. Super. 2020) ("It is well-settled that where a sentencing court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.") (citation and internal quotation marks omitted).

In light of Aldrich's criminal conduct, we cannot conclude the imposition of consecutive sentences is clearly unreasonable or that his aggregate sentence is unduly harsh. ***See Moury***, ***supra***; ***Commonwealth v. Mastromarino***, 2 A.3d 581, 588 (Pa. Super. 2010) (consecutive sentence in aggregate must appear excessive considering criminal conduct at issue).

Furthermore, the fact that Aldrich's wife received concurrent sentences from charges arising from the same set of facts, herein, is of no moment. Co-defendants need not receive identical sentences. ***Mastromarino***, 2 A.3d at

- 9 -

589 (citation omitted). "Rather, . . . when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." ***Commonwealth v. Cleveland***, 703 A.2d 1046, 1048 (Pa. Super. 1997). The trial court, as we recounted ***supra***, placed its particular reasons for Aldrich's consecutive sentences on the record. Though the trial court did not directly address the disparity in sentence between Aldrich and his wife, the trial court stated that Aldrich's request for his sentence to be served in county jail "doesn't do justice to those who were only involved with one death." N.T. Sentencing Hearing, 2/2/23, at 8. The trial court sufficiently explained the reasons for Aldrich's sentence. ***See Mastromarino***, ***supra***; ***Cleveland***, ***supra***. Therefore, his claim is meritless.

We address Aldrich's second and third claims together, as they both raise claims of ineffective assistance of trial counsel. Aldrich's second claim is that trial counsel was ineffective for failing to request a minimum sentence that would allow Aldrich to participate in the state drug treatment program. His third claim is that trial counsel was ineffective for failing to ask the trial court to sentence Aldrich under sentencing guidelines effective January 1, 2024.[11] ***Anders*** Brief, at 21.

"Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal." ***Commonwealth v. James***, 297 A.3d

_____

[11] We note that Aldrich was sentenced on February 2, 2023.

755, 760 (Pa. Super. 2023). Instead, we defer such review to petitions under the Post Conviction Relief Act (PCRA).[12] *See Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013). The Pennsylvania Supreme Court has recognized three exceptions to this rule, two of which were outlined in *Holmes*: first, "where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice[;]" second, where

> (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's **knowing and express waiver of his entitlement to seek PCRA review** from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

*Holmes*, 79 A.3d at 563-64 (footnotes omitted) (emphasis added). The third exception is met where an appellant is "statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 183 A.3d 352, 361 (Pa. 2018).

Upon review of the record, we do not find that Aldrich's claims meet any of the exceptions to the rule requiring deferral of ineffectiveness claims. Aldrich is not statutorily precluded from PCRA review, *see* 42 Pa.C.S.A. § 9543(a)(1), Aldrich has not waived any entitlement to seek PCRA review, *see* Plea Agreement, 12/2/22, and the record does not reveal any apparent ineffectiveness with respect to Aldrich's claims that requires immediate consideration in the interests of justice. *See* N.T. Sentencing Hearing, 2/2/23,

---

[12] 42 Pa.C.S.A. §§ 9541-9546.

at 3-4 (trial counsel requesting concurrent sentences for docket Nos. 131-2021 and 135-2021); *id.* at 4 (trial counsel providing letter from recovery specialist); *see also id.* at 5 (Aldrich requesting sentence be served in county jail). Therefore, we conclude that Aldrich's ineffectiveness claims cannot be considered on direct appeal and dismiss these claims without prejudice to his right to raise them in a timely PCRA petition. *See James*, 297 A.3d at 762.

Finally, our independent review of the record discloses no "additional, non-frivolous issues overlooked by counsel." *Flowers*, 113 A.3d at 1250. As such, we grant Appellate Counsel's application to withdraw, and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/26/2024